GORDON GRENIER *v.* ALTA CREST FARMS, INC., ET AL.

(58 A2d 884)

Special Term at Rutland, November, 1947.

Present: MOULTON, C. J., BUTTLES, STURTEVANT and JEFFORDS, JJ., and CLEARY, Supr. J.

Reargued at the February Term, 1948.

Opinion filed, May 4, 1948.

*Black & Wilson* for the plaintiff.

*McNamara & Larrow* for the defendant.

STURTEVANT, J.  Gordon Grenier, hereinafter called the employee, brings this case here on appeal from a decision of the commissioner of industrial relations, hereinafter called the commissioner.  The employee filed a petition with the commissioner, seeking an award under the Workmen's Compensation Act of Massachusetts, that petition having been filed in accordance with the provisions of P. L. 6507 which states as follows.

> "If a workman who is hired outside of this state is injured while engaged in his employer's business and is entitled to compensation for such injury under the law of the state where he was hired, he shall be entitled to enforce against his employer his rights in this state, if his rights are such that they can be reasonably determined and dealt with by the commissioner and the court of this state".

The commissioner dismissed the petition on the ground that he was without jurisdiction to entertain it.

While the employee claims that his petition comes within the provisions of P. L. 6507, the insurer contends that the right which the employee is here seeking to enforce is a right created by the Massachusetts Compensation Act which also provides for a special and exclusive method of enforcement of such right before a special tribunal created for the specific purpose of dealing with the rights of employees, so created.

As will hereinafter appear, an examination of the Massachusetts act shows that the right to compensation there given to an employee is the same in character as the right given an employee under

the provisions of our compensation act. For this reason, our attention is directed to *Kelley* v. *Hoosac Lumber Co. et al,* 96 Vt 153, 158, 159, 118 A 520, where this Court held that the right to compensation given an employee by the terms of our act is a right existing at common law and not a right created by statute. However, the insurer contends that the holding in the Kelley case should not be applied to the case at bar for two reasons. First, that holding is not good law and is out of line with the greater, if not entire, weight of authority, and secondly, the courts of Massachusetts have repeatedly held that the right given an employee under their compensation act is a right created by statute, and is to be enforced by a special tribunal also created by that statute, and only in the exclusive manner as therein provided. There is but one question for our determination, namely, does P. L. 6507 give to the commissioner jurisdiction to entertain the petition filed with him by the employee in the case at bar? The hearing before the commissioner was on an agreed statement of facts and concessions made by the parties. From these appear the following material facts.

On or about August 28, 1940, the employee moved from Vermont where he was then residing, to the commonwealth of Massachusetts. He entered the employ of the defendant, Alta Crest Farms, Inc., hereinafter called the employer, about May 2, 1941, under a contract made in Massachusetts. The employer is engaged in the business of farming, has never operated or maintained a place of business in Vermont and was not served with process in this State in the case at bar. At all times here material, the employer has been under the Workmen's Compensation laws of Massachusetts and its liability to pay compensation to its workmen has been carried by the defendant, Liberty Mutual Insurance Company, hereinafter called the insurer. On July 26, 1941, the employee was seriously injured by accident arising out of and in the course of his employment and immediately became totally disabled and the insurer made payments to the employee in accordance with the compensation law of that state paying $16.13 per week until a total sum of $520.90 had been paid. The rights of the parties are controlled by the Workmen's Compensation law of Massachusetts and the commissioner may take judicial notice of the laws and decisions of that state in determining the questions in the case at bar. The employee returned to Swanton, Vermont, shortly after his injury where he now resides and where he has continued his residence

since his return. He was in Massachusetts a short time in 1946 and also served in the late war. The insurer and employee entered into negotiations looking toward a settlement of the latter's claim for further compensation but as no settlement was reached, the employee filed a request for hearing in accordance with the Massachusetts law, in July, 1946, and a date was set for hearing but before the hearing date arrived, the case was continued indefinitely at the request of the employee and that case is now pending there. No final settlement of the employee's claim has ever been made.

We first consider the insurer's contention that the employee's right which he is here seeking to enforce is a right created by the Massachusetts Compensation Act, G. L. Mass. Chap. 152 as amended, and not a right existing at common law in accordance with the holding in the Kelley case, *supra,* 96 Vt 153, 118 A 520. § 26 of the Massachusetts Compensation Act, G. L. Mass., Chap. 152, in so far as here material, states as follows: "If an employee who has not given notice of his claim of common law rights of action under section twenty-four, or who has given such notice and has waived the same, receives a personal injury arising out of and in the course of his employment, . . . , he shall be paid compensation by the insurer, as hereinafter provided, if his employer is an insured person at the time of the injury; . . . ." The right of an employee given by the Vermont Compensation Act as stated in P. L. 6504 is as follows: "If a workman receives a personal injury by accident arising out of and in the course of his employment by an employer subject to this chapter, his employer or the insurance carrier shall pay compensation in the amounts and to the persons hereinafter specified. . . ." P. L. 6498 provides for election by employer or employee as to whether they will come under the act. In case it is agreed that the parties shall come under the act this section states as follows: "Such agreement shall be a surrender by the parties thereto of their rights to any other method, form or amount of compensation or determination thereof than as provided in this chapter and shall bind the employee, himself, . . . as well as the employer, . . . ." P. L. 6499 provides that in all contracts of employment made subsequent to July 1, 1915, the parties shall be deemed to have elected to come under the provisions of this act, unless the contract contains a written statement that such is not the fact, or unless, before the employee shall have received an injury by accident, arising out of and in the course of such employment,

328

one of the parties shall have given to the other party and also to the commissioner, notice in writing that he does not elect to have the provisions of this act apply to such contract of employment. Thus it appears that the right given to an employee under the terms of the Vermont Compensation law and the right of an employee under the Massachusetts Act are the same in character. If the holding in the Kelley case, *supra,* 96 Vt 153, 158, 159, 118 A 520, as to the character of the right of an employee under the former statute is to stand, it follows that the right which the employee is here seeking to enforce is a right existing at common law, and not a right created by the Massachusetts statute.

In order to recover under the common law for an injury by accident, arising out of his employment, it is necessary for the employee to allege and prove that negligence chargeable against the employer is the sole cause of such accident. Negligence is not a factor in the right of an employee to receive compensation under the provisions of our act. He may be entitled to such compensation as therein provided, even though his own negligence is the sole cause of his injury by accident. *Wilson* v. *Barrows,* 96 Vt 344, 345, 119 A 422. The purpose of the compensation law is to treat the cost of personal injuries incidental to employment as a part of the cost of business production. *Bundy et al* v. *State Highway Department,* 102 Vt 84, 87, 146 A 68. *Wlock* v. *Fort Dummer Mills,* 98 Vt 449, 129 A 311, was an action on the case brought by the plaintiff against the defendant to recover for injuries received by her while working for defendant in one of its mills. Plaintiff was a minor employed by the defendant in violation of the child labor laws of this state. The defendant contended that plaintiff's rights were determined and fixed by our Workmen's Compensation Act and that, therefore, she could not maintain that action on the case. Held that our compensation statutes do not apply under such illegal contract of employment. At page 459 (98 Vt) concerning our compensation act this court stated: "A new remedy given by statute in a particular case, can not be extended to alter the common law in any other case."

."Workmen's Compensation acts are treated, al-most universally as creating a statutory relation be-tween the parties—not like employer's liability acts, as substituting a statutory tort for a common law tort." *Bradford Electric Light Company* v. *Clapper,* 286

US 145, 157, 158, 52 S Ct 571, 575, 76 L Ed 1026, 82 ALR 696.

"Workmen's Compensation legislation rests upon the idea of status, not upon that of implied contract, that is, upon the conception that the injured workman is entitled to compensation for an injury sus-. tained in the service of an industry to whose operations he contributes his work as the owner contributes his capital,—the one for. the sake of the wages and the other for the sake of the profits. The liability is based, not upon any act or omission of the employer, but upon the existence of the relationship which the employee bears to the employment because of and in the course of which he has been injured." *Cudahy Packing Company of Nebraska* v. *Parramore et al*, 263 US 418, 423, 44 S Ct 153, 154, 68 L Ed 366, 30 ALR 532. To the same effect are 28 RCL p. 713, § 2; 71 CJ, p. 242, § 15.

"The right to workmen's compensation is wholly statutory, not existing except under the circumstances provided in the workmen's compensation acts. It is not a common law right, . . . ."

71 CJ p. 229, § 5. Among the many authorities supporting this statement are: 28 RCL, p. 714, § 3; *The Linseed King, Kellogg & Sons* v. *Hicks et al*, 285 US 502, 513, 514, 52 S Ct 450, 76 L Ed 903; *Southern Pacific Company* v. *Jensen*, 244 US 205, 37 S Ct 524, 61 L Ed 1086, LRA 1918 C 451, Ann Cas 1917E 900; *Ahmed's Case*, 278 Mass 180, 179 NE 684, 79 ALR 669; *Vairida* v. *City of Grand Rapids*, 264 Mich 204, 249 NW 826, 88 ALR 707; *Bussey* v. *Bishop*, 169 Ga 251, 150 SE 78, 67 ALR 287; *Kristanik* v. *Chevrolet Motor Co.*, 226 Mo App 89, 41 SW2d 911; *Bauer* v. *Essex County Court of Common Pleas*, 88 NJL 128, 95 A 627; *Industrial Commission of Ohio* v. *Kamarath*, 118 Ohio St 1, 160 NE 470.

After a careful reconsideration of the question as to the nature and character of the right given to an employee under the provisions of our compensation act, in the light of the authorities above cited, we conclude that the holding in the Kelley case, *supra*, 96 Vt 153, 158, 159, 118 A 520, as hereinbefore stated, is not in accord

330

with the meaning and purpose of our Workmen's Compensation Act, P. L. Chap. 264 as amended, and also is contrary to the overwhelming weight of authority.

For the reasons above stated and in accord with the authorities hereinbefore cited, we now hold that the right given to an employee under the provisions of our Workmen's Compensation Act, as amended, is a right created by statute and is not a right existing at common law. *Kelley* v. *Hoosac Lumber Co. et al,* 96, Vt 153, 118 A 520, is overruled in so far as it is contrary to our present holding.

When an employer and employee elect to come within the provisions of the Massachusetts Workmen's Compensation Act and an insurer voluntarially assumes the duty of paying compensation to the employees of the employer in accordance with the provisions therein contained, all are bound by its terms. While the statute gives a right to compensation to an employee who comes within its terms, it also provides a specific and exclusive remedy for the enforcement of that right before a special tribunal created for such purpose. If an employee seeks the benefits given him by the statute he is bound to recognize and perform the obligations thereby placed upon him. Such right is limited and can be enforced only by following the procedure given by the statute which created such right. The remedy is an integral part of the right given and the latter has no existence separate and apart from the former. *United States, ex rel Portland Cement Co. etc.* v. *McCord,* 233 US 157, 34 S Ct 550, 552, 58 L Ed 893; *Galveston H. & S. A. Ry. Co.* v. *Wallace,* 223 US 481, 490, 32 S Ct 205, 56 L Ed 516; *Globe Newspaper Co.* v. *Walker,* 210 US 356, 28 S Ct 726, 52 L Ed 1096; *Fourth National Bank* v. *Francklyn,* 120 US 747, 756, 7 S Ct 757, 30 L Ed 825; *Pollard* v. *Bailey,* 20 Wall 520, 526, 527, 22 L Ed 376; *Hartford Accident & Indemnity Co. et al* v. *Delta & Pine Land Co.,* 292 US 143, 54 S Ct 634, 78 L Ed 1178, 92 ALR 928; *Devine's Case,* 236 Mass 588, 592, 593, 129 NE 414, 416; *Migue's Case,* 281 Mass 373, 183 NE 847, 848.

The facts in the case at bar distinguish it from the cases cited in the employee's brief.

It follows that the commissioner of industrial relations is without jurisdiction to entertain the petition filed with him in the case at bar. The employee has no right arising under the Massachusetts Workmen's Compensation Act, G. L. Mass., Chap. 152, as

amended, which he can enforce before the commissioner or the courts of this state. The conclusion here reached makes it unnecessary to consider other questions presented by the insurer.

*The order of the commissioner of industrial relations dismissing the petition of the employee for lack of jurisdiction is affirmed. To be certified to the commissioner of industrial relations.*