**Reginald LaBombard and Hartford Insurance Company v. Peck Lumber Company**

[451 A.2d 1093]

No. 502-81

Present: Barney, C.J., Billings, Hill, Underwood and Peck, JJ.

Opinion Filed September 7, 1982

*Weber, Perra & Gibson,* Brattleboro, for Plaintiff-Appellant.

*Kiel & Boylan,* Springfield, for Plaintiff-Appellee.

Barney, C.J. The plaintiff, a Connecticut resident, was employed by a Connecticut firm when he was injured loading a truck in Vermont. Although apparently eligible to apply for workers' compensation benefits under the laws of either state, the plaintiff chose to apply for benefits under Connecticut's workers' compensation law, Conn. Gen. Stat. Ann., Chapter 568, and received a total of $21,234.16 from his employer's insurance carrier, Hartford Insurance Company, pursuant to its provisions.

Two years after the injury, and after the plaintiff had received his benefits, he instituted a negligence action in Vermont superior court against the third party whose misconduct was allegedly responsible for the accident. The insurance company, on its own motion, joined as a party plaintiff. The commencement of this type of action, while not permissible under workers' compensation schemes in all states, is authorized by the laws of both Connecticut and Vermont, and no question as to its propriety is raised in connection with this appeal.

A jury found damages in the amount of $76,000. Also finding the plaintiff to have been 30% contributorily negligent, however, this amount was reduced proportionately and the final verdict set at $53,200. Judgment on the verdict was entered by the trial court, but when the plaintiff and the insurance company were unable to agree on its distribution between them, the instant dispute arose and a subsequent hearing on the matter was held.

The plaintiff. argued that since the accident occurred in Vermont, most of the damages were incurred in Vermont, and the negligence case was governed and decided by Vermont law, Vermont's workers' compensation law, 21 V.S.A. § 624, should govern the distribution of the award. That provision reads in pertinent part:

> (e) In an action to enforce the liability of a third party, the plaintiff may recover any amount which the employee or his personal representative would be entitled to recover in an action in tort. Any recovery against the third party for damages resulting from personal injuries or death only, after deducting expenses of recovery, shall first reimburse the employer or its workers' compensation insurance carrier for any amounts paid or payable under this chapter to date of recovery, and the balance shall forthwith be paid to the employee or his dependents or personal representative and shall be treated as an advance payment by the employer on account of any future payment of compensation benefits.

> (f) Expenses of recovery shall be the reasonable expenditures, including attorney fees, incurred in effecting the recovery. Attorney fees, unless otherwise agreed upon, shall be divided among the attorneys for the plaintiff as directed by the court. The expenses of recovery above mentioned shall be apportioned by the court between the parties as their interests appear at the time of the recovery.

The plaintiff also argued that the reduction for contributory negligence was an expense of recovery. The net result of his entire argument was that the Hartford Insurance Company should receive $7,649.46, the plaintiff should receive

$27,480.41, and the balance of $18,070.13 should go for legal fees and trial expenses.

The insurance company did not dispute the plaintiff's calculations under the Vermont provision, but argued that since he had chosen to accept benefits under Connecticut's workers' compensation law he was bound to abide by all of its terms. The Connecticut provision for distribution, Conn. Gen. Stat. Ann. § 31-293, does not authorize any allocation of recovery costs to the insurance carrier, but requires the plaintiff in a personal injury action to absorb the full expense of recovery alone. The statute reads:

> If such employer [or its representative] and employee join as parties plaintiff in such action and any damages are recovered, such damages shall be so apportioned that the claim of the employer, as defined in this section, shall take precedence over that of the injured employee in the proceeds of such recovery, after the deduction of reasonable and necessary expenditures, including attorneys' fees, incurred by the employee in effecting such recovery. . . . If the damages, after deducting the employee's expenses as provided above, are more than sufficient to reimburse the employer, damages shall be assessed in his favor in a sum sufficient to reimburse him for his claim, and the excess shall be assessed in favor of the injured employee.

Distribution under this provision would result in the same amount going for legal fees and expenses, but a larger award to the insurance carrier of $21,234.16, and a smaller balance of $13,895.71 going to the plaintiff. Thus, if Connecticut law were applied, the plaintiff would actually receive $13,584.70 less than if Vermont law were applied.

The trial court, relying on *Grenier* v. *Alta Crest Farms, Inc.*, 115 Vt. 324, 330, 58 A.2d 884, 888 (1948), and *DeGray* v. *Miller Brothers Construction Co.*, 106 Vt. 259, 277, 173 A. 556, 563–64 (1934), agreed with the insurance company and ordered distribution pursuant to the Connecticut scheme. We affirm.

 This plaintiff could have applied for workers' compensation benefits in either Connecticut or Vermont. He chose

Connecticut. His election is conclusive on him in this proceeding. The right to workers' compensation is wholly statutory, not existing except under the circumstances provided in the act. *Grenier* v. *Alta Crest Farms, Inc., supra,* 115 Vt. at 329, 58 A.2d at 887.

> When an employer and employee elect to come within the provisions of the . . . Workmen's Compensation Act and an insurer voluntarially [sic] assumes the duty of paying compensation to the employees of the employer in accordance with the provisions therein contained, all are bound by its terms. . . . If an employee seeks the benefits given him by the statute he is bound to recognize and perform the obligations thereby placed upon him. Such right is limited and can be enforced only by following the procedure given by the statute which created such right. The remedy is an integral part of the right given and the latter has no existence separate and apart from the former.

*Id.* at 330, 50 A.2d at 888, *discussed in Thomas* v. *Washington Gas Light Co.,* 448 U.S. 261, 283 n.30 (1980).

While the body of law which has grown up around workers' compensation cases repeatedly recognizes the right of a worker employed in one state and injured in another to choose which jurisdiction's compensation law he will be subject to, we find no authority for, nor can we approve, a policy which would allow him to pick and choose among their terms and provisions in order to design his own compensation scheme and deny the will of both legislatures.

In this instance the legislatures of Connecticut and Vermont have chosen to distribute personal injury awards to plaintiffs who receive workers' compensation benefits in two different ways. The plaintiff suggests that we should follow Vermont law because the Connecticut provision has an unfair and inequitable result. While recognizing that the Connecticut law deals less generously with injured employees, that state's workers' compensation scheme generally effects the same policies as does our own, and the particular provision at issue does not rise to a violation of the public policy of this

state. Compare *DeGray* v. *Miller Brothers Construction Co.,* *supra,* 106 Vt. at 277, 173 A. at 563.

As is the case with our own workers' compensation law, under the Connecticut scheme the insurance carrier, representing the employer, comes out even, being without fault or injury; the third party wrongdoer pays exactly the damages he would have paid without any workers' compensation law; the attorney is reimbursed for services rendered, and the employee—in addition to what he has already received in compensation benefits—is entitled to the remainder. See 2A A. Larson, Workmen's Compensation Law § 71.20, at 14-7 (1982).

██ We further believe that the trial court was correct in reading the Connecticut law as it did. Contrary to the plaintiff's assertion, there is nothing ambiguous about its language. Where language in a statute is plain, the intent is to be ascertained from the act itself. *Lomberg* v. *Crowley,* 138 Vt. 420, 423, 415 A.2d 1324, 1326 (1980). The provision at issue here requires that the litigation expenses first be paid in full and that then the employer (or its insurance carrier) be reimbursed in full, with any remaining balance to be paid to the employee. This is exactly what the trial judge ordered.

*Judgment affirmed.*