940 A.2d 724 (2007)
2007 VT 120
OPENAIRE, INC.
v.
L.K. ROSSI CORP.
No. 06-123.
Supreme Court of Vermont.
October 25, 2007.
Present: JOHNSON, SKOGLUND, BURGESS, A.J., GIBSON III, Associate Justice (Ret.), Specially Assigned and COOK, District Judge (Ret.), Specially Assigned.

*725 ENTRY ORDER
¶ 1. This case arises out of a contract dispute between contractor L.K. Rossi Corporation and subcontractor Openaire, Incorporated. Contractor appeals from the Washington Superior Court's denial of its motion to dismiss or for summary judgment and its grant of subcontractor's cross-motion for summary judgment. We affirm.
¶ 2. The undisputed facts are as follows. Contractor was hired to complete renovations, including the addition of a retractable swimming-pool enclosure, on a home in Stowe. In 1998, the architect for the project contacted subcontractor to discuss design and manufacture of the enclosure. Contractor and subcontractor signed a contract in January 1999 in which subcontractor agreed to design, fabricate, deliver, and install a retractable pool enclosure for an outdoor, in-ground swimming pool for a price of $239,900. The contract required subcontractor to supply a set of specifications and shop drawings for the architect's approval prior to any manufacturing. Attached to the contract were drawings that provided the design concept, dimensions, and other details for the construction of the project. The contract stated that "[p]rices, specifications (subject to approved, shop drawings), terms and conditions listed herein are satisfactory and are hereby accepted." The contract provided that contractor would pay 10% of the contract price with a letter of intent, 15% upon receipt of shop' drawings, 50% upon delivery of materials, and the remaining 25% upon substantial completion of the project. Subcontractor began work on the enclosure in January 1999.
¶ 3. Subcontractor sent the first invoice in January 1999 and was paid 10% of the contract price. The second invoice was sent on April 30, 1999, and 15% of the contract price was then paid in May. Between the time of the first and second invoices, a change order was approved by contractor adding $41,100 to the contract price for alterations to subcontractor's shop drawings that reflected the architect's modifications thereto.
¶ 4. On July 22, 1999, subcontractor faxed contractor confirming that the "materials [were] shipping July 30, 1999 as requested." At that time, there was some concern that installation might be delayed again. In July 1999, it became public that the owner of the home was the subject of an FBI investigation. FBI presence at the job site terminated the renovation project. One of contractor's representatives called subcontractor to relay this news, and subcontractor responded with a letter to contractor confirming the conversationwhich apparently included an assurance to subcontractor that the last invoice would be settled within two weeksand agreeing to delay the delivery by two weeks. Eventually, contractor told subcontractor not to ship the enclosure at all. Subcontractor has been storing the enclosure materials since that time.
¶ 5. On July 12, 2005, subcontractor brought this action for payment. Contractor moved to dismiss or for summary judgment on statute-of-limitation grounds. Subcontractor opposed the motion and filed a cross-motion for summary judgment. Contractor did not respond to subcontractor's cross-motion. The court denied contractor's motions and granted subcontractor's motion for summary judgment, ordering judgment to be entered for subcontractor. This appeal followed.
¶ 6. Contractor contends that the trial court erred in applying 12 V.S.A. § 511, a six-year statute of limitations for breachof-contract actions, instead of applying the four-year statute of limitations set out in the Uniform Commercial Code (UCC). 9A V.S.A. § 2-725. Contractor also claims *726 that the court erred in finding that a letter from contractor reaffirmed the debt, tolling the UCC statute of limitations, and in concluding that the complaint would therefore have been timely filed even under the UCC. Contractor argues further that the affidavit subcontractor submitted to support its motion for summary judgment was insufficient as a matter of law, and therefore, that summary judgment was improperly granted. Finally, contractor complains that the trial court should have granted summary judgment in its favor because subcontractor either voided the contract or breached it by failing to meet a condition precedent. We address each of these arguments in turn.
¶ 7. We review a trial court's grant of summary judgment de novo, applying the same standard that the trial court applies. Mellin v. Flood Brook Union Sch. Dist., 173 Vt. 202, 211, 790 A.2d 408, 417 (2001). "When a motion for summary judgment is made and supported . . . an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." V.R.C.P. 56(e). We affirm summary judgment grants when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, . . . show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." V.R.C.P. 56(c)(3) (emphasis added).
¶ 8. We turn first to contractor's claim that the UCC statute of limitations should apply in this case. Contractor contends that the contract was one for the sale of specially manufactured goods, and that therefore it is governed by the UCC, and in particular 9A V.S.A. § 2-725(1), which requires that an action for breach of contract for sale must be commenced within four years after the cause of action has accrued. We recently addressed a similar issue in Lamell Lumber Corp. v. Newstress International, Inc., 2007 VT 83, ___ Vt. ___, 938 A.2d 1215. In that case, we noted that it was well settled that where a transaction contains elements of both sales and service, application of the UCC turns on whether the transaction "predominantly," or essentially, relates to goods or services. Id. ¶ 13. We concluded that a contract to design, manufacture, truck, and install precast concrete panels was predominantly a contract for services and not subject to the UCC. Id. 1¶¶ 3-15.
¶ 9. To determine the essential or predominant aspect of any contract, we look to several factors, but chief among these is the language of.the contract and the circumstances of its making and performance. Id. ¶ 14. In this case, the contract calls for the subcontractor to produce a freestanding enclosure with two sidewalls that will sit on foundation walls to be built by another party. The contract lists the items and materials included in the structure, such as an extruded aluminum frame, one-inch clear insulating glass, and twelve motorized roof panels. It also specifically identifies those aspects of the construction that are not included: the supporting foundation, heating and dehumidifying systems, the installation of wiring, a chimney, a walkway, and a solarium. The contract provides for "[d]elivery of material to the job site" and "complete installation by [plaintiffs] non-union crew." The contract includes a "Standard Five (5) Year . . . warranty against defective design, materials and construction."
¶ 10. Thus, in this case, as in Lamell, the contract included much more than simply the production of a specially manufactured good and the attachment of that *727 good to the premises. Here, subcontractor agreed not only to produce the component parts of the enclosure, but also to deliver them and then construct the new, independent structure on the job site. The trial court correctly applied the six-year statute of limitations for breach-ofcontract actions set forth in 12 V.S.A. § 511.
¶ 11. Because we reach this conclusion, we need not discuss whether a January 2000 letter sent to subcontractor by contractor's attorney constituted an acknowledgment of the debt sufficient to toll the statute of limitations for purposes of the UCC.
¶ 12. We turn next to contractor's contention that the trial court erred in relying on the affidavit submitted by subcontractor in support of its cross-motion for summary judgment. Contractor contends, inter alia, that because the affidavit states that it is made on "personal belief" and on "information and belief" rather than on "personal knowledge," the entire affidavit must be disregarded as insufficient under Vermont Rule of Civil Procedure 56(e) and that therefore the trial court's decision is fatally flawed.
¶ 13. Contractor's Rule 56 argument is ironic given that contractor failed to comply with the requirements of Rule 56(c)(2). That rule requires that parties attach to their motions "a separate, short, and concise statement of the material facts as to which the moving party contends that there is no genuine issue to be tried." V.R.C.P. 56(c)(2). Contractor did not attach such a statement to its motion for summary judgment, nor did it attach "a separate, short, and concise statement of the material facts as to which it is contended that there exists a genuine issue to be tried," in response to subcontractor's cross-motion, as the rule also requires. Id. We have consistently held that when an opposing party fails to controvert specific facts in a Rule 56(c)(2) statement of facts, those uncontroverfed facts are deemed admitted. Travelers Ins. Cos. v. Demarle, Inc., 2005 VT 53, ¶ 9, 178 Vt. 570, 878 A.2d 267 (mem.); Boulton v. CLD Consulting Eng'rs, Inc., 2003 VT 72, ¶ 29, 175 Vt. 413, 834 A.2d 37.
¶ 14. In any event, subcontractor's supporting affidavit is sufficient under V.R.C.P. 56(e). The relevant portion of the rule states: "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." V.R.C.P. 56(e). The affidavit at issue does not use the words "personal knowledge"; however, it is clear from the affidavit and the attached exhibits that it is made on personal knowledge. The affiant, subcontractor's president, signed the contract in question and was intimately involved with the details of the negotiations. The affidavit does contain some legal conclusions, but the trial court did not rely on those portions of the affidavit in deciding the summary judgment motion. The documents submitted as exhibits would be admissible at trial, and therefore, the trial court did not err in relying upon those portions of the affidavit supported by exhibits. Furthermore, contractor did not file any response or objection to the affidavit in the trial court, and therefore waived his right to raise the issue on appeal. In re Griffin, 2006 VT 75, ¶ 21, 180 Vt. 589, 904 A.2d 1217 (mem.) (issues not raised before trial court in context of summary judgment motion will not be considered on appeal from grant of summary judgment). We accept the affidavit as sufficient.
¶ 15. Finally, we address contractor's claim that the trial court should have granted summary judgment in its favor *728 because subcontractor either voided the contract or breached it by failure to meet a condition precedent. Contractor argues that subcontractor voided or breached the contract by beginning manufacture before contractor approved subcontractor's shop drawings. Contractor's failure to respond to subcontractor's statement of material facts, as Rule 56(c)(2) requires, allowed the trial court, and allows this Court, to deem subcontractor's facts admitted. Those facts fully explicate the parties' understanding that contractor had approved the shop drawings when the contract was signed, and therefore that subcontractor did not void or breach the contract by beginning manufacture.
¶ 16. In sum, the trial court had sufficient uncontested evidence before it to conclude that the contract was governed by the statute of limitations in 12 V.S.A. § 511, and that subcontractor did not void or breach the contract when it began manufacture of the structure. Additionally, the affidavit supporting subcontractor's motion, while not technically correct in its use of language, substantially complies with the requirements for affidavits set out in Rule 56(e). We find no error in the trial court's decision, and we reach the same conclusions on de novo review.
Affirmed.