2008 VT 106

## Neal Letourneau v. A.N. Deringer/Wausau Insurance Company

[966 A.2d 133]

No. 07-278

Present: **Reiber, C.J., Dooley, Johnson, Skoglund and Burgess, JJ.**

Opinion Filed August 14, 2008

*Christopher McVeigh* of *McVeigh-Skiff LLP*, Burlington, for Plaintiff-Appellee.

*Keith J. Kasper* and *Anthony T. Garofano*, Law Clerk, of *McCormick, Fitzpatrick, Kasper & Burchard, P.C.*, Burlington, for Defendant-Appellant.

¶ 1. **Skoglund, J.** This appeal asks us to determine whether Neal Letourneau has a right to transfer his workers' compensation case from the New York workers' compensation system to Vermont's Department of Labor under 21 V.S.A. § 620. We hold that Letourneau is not entitled to transfer his case to Vermont under § 620 for the purpose of claiming Vermont workers' compensation benefits. However, Letourneau is entitled to transfer his case to Vermont under § 620 for the purpose of enforcing his entitlement to New York benefits here if his rights under New York law can be reasonably determined and dealt with by the Commissioner and the courts in this state. In their rulings on Letourneau's transfer request, neither the Commissioner nor the superior court addressed the issue of whether Letourneau's rights under New York law could reasonably be determined and dealt with here. We remand so that the Commissioner can decide that question in the first instance.

¶ 2. A brief explanation of the Commissioner's subject matter jurisdiction over workers' compensation cases will put the facts of this case in context. Persons employed or hired in Vermont who are injured in the course of their employment are

entitled to the benefits of Vermont's workers' compensation statutes regardless of where their injury took place. See 21 V.S.A. §§ 616(a) ("[T]his chapter shall apply to all employment in this state."), 619 ("[A] worker who has been hired in this state . . . shall be entitled to compensation according to the law of this state even though [the] injury was received outside of this state."). The Commissioner has jurisdiction to determine the rights of these persons under Vermont workers' compensation law as a necessary incident to her obligation to administer that law. See 21 V.S.A. § 606 (granting Commissioner authority to determine questions arising under Vermont's workers' compensation laws); *DeGray v. Miller Bros. Constr. Co.*, 106 Vt. 259, 268, 173 A. 556, 559 (1934) ("[T]he commissioner of industries shall have original jurisdiction to hear and determine all controverted questions of fact and law arising in the administration of the [workers' compensation laws], except as otherwise provided."). The Commissioner also has subject matter jurisdiction to determine the rights of injured employees under the workers' compensation statutes of other states in limited circumstances pursuant to § 620, which reads:

> If a worker who has been hired outside of this state is injured while engaged in his employer's business and is entitled to compensation for such injury under the law of the state where he was hired, he shall be entitled to enforce against his employer his rights in this state, if his rights are such that they can be reasonably determined and dealt with by the commissioner and the court in this state.

21 V.S.A. § 620.

¶ 3. The uncontested facts are as follows. Letourneau was hired in New York by A.N. Deringer. A.N. Deringer's corporate office is located in St. Albans, Vermont. While employed by A.N. Deringer, Letourneau lived in Vermont and, for twenty years, commuted to a job site in Champlain, New York. Letourneau was injured on the job on June 4, 2004. Thereafter, A.N. Deringer filed a workers' compensation claim on his behalf in New York and Letourneau received benefits under the New York system. Letourneau received most of his medical treatment in Vermont. On April 26, 2005, Letourneau filed a request with the Department to transfer his case to Vermont.

¶ 4. The Commissioner found that Letourneau had been hired in New York State and that he was thus not entitled to pursue a

claim for Vermont workers' compensation benefits under § 619. The Commissioner also concluded that "Vermont has only a casual interest in this case," and that, therefore, Letourneau's rights "cannot be reasonably determined under § 620." The Commissioner did not expressly interpret § 620, but rather appears to have assumed that it extended a right to Vermont's workers' compensation benefits to all employees hired outside Vermont to the extent permissible under the federal constitution. Having skipped over the statutory question, the Commissioner resolved the constitutional question against Letourneau by applying the so-called "legitimate-interest" test, an analysis we adopted in *Martin v. Furman Lumber Co.*, 134 Vt. 1, 346 A.2d 640 (1975), for the purpose of deciding when Vermont has a sufficient interest in a workers' compensation case so as to justify an application of Vermont's compensation statutes without violating our constitutional duty to give full faith and credit to the compensation statutes of another state. Accordingly, the Commissioner declined to take jurisdiction over Letourneau's case, effectively denying his request to transfer. Letourneau appealed the Commissioner's decision to the Franklin Superior Court for a de novo hearing pursuant to §§ 670-671. See *Pitts v. Howe Scale Co.*, 110 Vt. 27, 35, 1 A.2d 695, 698 (1938) (holding that review contemplated by § 671 is retrial de novo).

¶ 5. Before the superior court, the parties stipulated that Letourneau's employment contract was formed in New York,[*] that the employment relationship was centered in New York, that the place of injury was New York, that the claimant resided in Vermont, that A.N. Deringer's principal place of business was Vermont, and that almost all of Letourneau's medical providers were located in Vermont. The court determined that the case presented only a question of law, and did not submit the case to the jury. Rather, the court reversed the Commissioner, holding that, on the basis of the facts as stipulated by the parties, Letourneau could enforce his rights against A.N. Deringer in Vermont because, "as a matter of law," his rights "are such as can be reasonably determined and dealt with by the commissioner and the court . . . of this state" pursuant to § 620. As had the

---

[*] Letourneau originally filed a cross-appeal, arguing that the decision to hire him was made in Vermont. However, he withdrew his claim and now argues that the court's decision should be affirmed.

Commissioner, the court arrived at this conclusion by way of its unstated assumption that § 620 entitled out-of-state hires to pursue workers' compensation claims under Vermont law, and by application of *Martin.* The court granted summary judgment in favor of Letourneau and remanded the case to the Commissioner for a determination as to what benefits Letourneau was entitled to, if any, under Vermont law. A.N. Deringer appeals.

¶ 6. Both parties have proceeded on appeal as if the issues before us are: (1) whether § 620 entitles Letourneau to pursue a workers' compensation claim in Vermont, *under Vermont law,* and (2) whether an award rendered in Vermont under Vermont law would be consistent with the Due Process and Full Faith and Credit Clauses of the United States Constitution as well as principles of comity, public policy, waiver, and estoppel. The parties are clearly under the impression, as were the Commissioner and the superior court, that § 620 entitles people neither employed nor hired in Vermont to benefits under Vermont's workers' compensation statutes. As a result, neither party presented argument as to whether Letourneau's rights under New York law could be "reasonably determined and dealt with by the commissioner and court of this state," under § 620.

¶ 7. In reviewing a grant of summary judgment, this Court applies the same standard as the trial court. *Openaire, Inc. v. L.K. Rossi Corp.,* 2007 VT 120, ¶ 7, 182 Vt. 636, 940 A.2d 724 (mem.). We affirm summary-judgment grants when "there is no genuine issue as to any material fact and . . . [a] party is entitled to judgment as a matter of law." V.R.C.P. 56(c)(3).

¶ 8. This case presents a question of law, which we review de novo. *Smith v. Desautels,* 2008 VT 17, ¶ 8, 183 Vt. 255, 953 A.2d 620. However, as the Commissioner has been entrusted by the Legislature with the administration of the workers' compensation program, we owe substantial deference to her initial interpretation and application of § 620. See *Town of Killington v. Dep't of Taxes,* 2003 VT 88, ¶ 5, 176 Vt. 70, 838 A.2d 91 ("[A]bsent a clear and convincing showing to the contrary, decisions made within the expertise of . . . agencies are presumed correct, valid and reasonable." (quotation omitted)); see also *Morin v. Essex Optical/ The Hartford,* 2005 VT 15, ¶ 4, 178 Vt. 29, 868 A.2d 729 (reviewing Commissioner's construction of the Workers' Compensation Act with deference). This is true notwithstanding the fact that the workers' compensation statutes authorize a trial de novo in

superior court. Cf. *Killington*, 2003 VT 88, ¶ 5 (applying deferential standard to case on appeal from a de novo trial reviewing an administrative decision).

■ ¶ 9. The Commissioner's interpretation and application of § 620 were clearly wrong, as were the superior court's. As noted, § 620 does not entitle persons neither employed nor hired in Vermont to benefits under Vermont's workers' compensation statutes, but rather requires the Commissioner to apply the workers' compensation schemes of other states in certain circumstances.

■ ¶ 10. This much is plain from the text of the workers' compensation statutes themselves. Section 616(a) entitles Vermont employees to Vermont's workers' compensation benefits by stating that *"this chapter shall apply* to all employment in this state." 21 V.S.A. § 616(a) (emphasis added). Similarly, § 619 specifically invokes Vermont law, stating that "[a] worker . . . hired in this state . . . shall be entitled to compensation *according to the law of this state." Id.* § 619 (emphasis added). However, § 620 makes no mention of Vermont law, but rather states that a worker "entitled to compensation for [an] injury under the law of the state where he was hired . . . shall be entitled to enforce against his employer his rights in this state." *Id.* § 620. The section's creation of a right "to enforce . . . rights in this state" does not entitle workers not employed or hired in Vermont to Vermont workers' compensation benefits, but rather gives those workers the right to utilize our administrative and court systems to enforce their entitlement to benefits under other schemes — namely, the schemes of the states where they were hired. *Id.* This interpretation makes sense in light of the provision that follows, which limits that right to cases in which a worker's entitlement under other schemes "[is] such that [it] can be reasonably determined and dealt with by the commissioner and the court in this state." *Id.* The question of whether workers' compensation benefits can reasonably be determined and dealt with in Vermont is a practical one that asks to what extent the Department and our courts can apply the laws of other states and administer benefits through their schemes.

¶ 11. We recognized that § 620 required the Commissioner to apply the workers' compensation schemes of other states in certain circumstances long ago, in *Grenier v. Alta Crest Farms, Inc.*, 115 Vt. 324, 58 A.2d 884 (1948). In *Grenier*, we affirmed the

Commissioner's decision to dismiss a petition, made pursuant to § 620, for workers' compensation benefits under the Massachusetts Workmen's Compensation Act. *Id.* at 330-31, 58 A.2d at 888. Our opinion in that case was not a model of clarity, insofar as it did not explicitly rely on the language in § 620 limiting its application to those out-of-state rights that "can be reasonably determined and dealt with by the commissioner and the court in this state." 21 V.S.A. § 620. However, our holding in *Grenier* was consistent with the statutory limitation. In *Grenier*, we reasoned that the Commissioner was without jurisdiction to entertain the petition because the right conferred by the Massachusetts Act could be enforced only by proceeding in front of the "special tribunal created for such purpose." *Id.* at 330, 58 A.2d at 888. We held that, as a result, "[t]he employee ha[d] no right arising under the [Massachusetts Act] which he [could] enforce before the commissioner or the courts of this state." *Id.* at 330-31, 58 A.2d at 888.

¶ 12. The Commissioner has recently employed this interpretation of § 620. In *L.S. v. Dartmouth College*, Op. No. 45-05WC (Aug. 9, 2005), as in this case, the Commissioner was presented with the issue of whether the Department had subject matter jurisdiction over a workers' compensation claim under either § 619 or § 620. In *L.S.*, a Vermont resident was injured in New Hampshire while working for Dartmouth College, her employer. The Commissioner ruled that because the employee was hired in New Hampshire she was "not entitled to bring a claim with the department under 21 V.S.A. § 619 and have the claim adjudicated under the workers' compensation laws of Vermont." *Id.* ¶ 7. The Commissioner further reasoned that "[g]iven the unfamiliarity of this Department with New Hampshire law and the strain on resources that would result were we to apply that state's law, this claimant's rights cannot be reasonably adjudicated in this state." *Id.* ¶ 9. "Accordingly," the Commissioner concluded, "the claimant's request to bring this case in Vermont for the application of Vermont law under § 619 or New Hampshire law under § 620 is hereby denied." *Id.*

¶ 13. The Commissioner's interpretation of § 620 in *L.S.* was the correct one, and one that is consistent with the general context of workers' compensation law. See generally 9 A. Larson, Larson's Workers' Compensation Law §§ 140.01-140.02, at 140-1 to 140-12 (2007) (discussing the practical challenges inherent in applying the workers' compensation laws of sister states, the general rule

against doing so, and citing § 620 as a statutory exception to that rule).

¶ 14. In this case, however, the Commissioner declined jurisdiction over Letourneau's claim under § 620 after concluding that an application of Vermont law to Letourneau's case would offend full-faith-and-credit and due-process mandates. The sole question certified to the superior court on appeal was whether "the Vermont Department of Labor [should] assert jurisdiction over Neal Letourneau's workers' compensation claim." In answering that question in the affirmative, the superior court also erroneously employed the same constitutional inquiry in applying § 620. Whether the superior court was correct in doing so is the sole issue on appeal in this Court. For the reasons explained above, it was not.

¶ 15. Section 620 does not entitle Letourneau to transfer his workers' compensation case to Vermont and begin claiming Vermont benefits here. That does not mean, however, that the Commissioner lacks jurisdiction to take Letourneau's case, as she ruled. To determine whether the Department had jurisdiction to take Letourneau's case under § 620, the Commissioner and the superior court should have questioned whether his rights *under New York law* could "be reasonably determined and dealt with" in Vermont. 21 V.S.A. § 620. We therefore remand to the superior court and direct it to refer the case to the Commissioner so that she may answer that question — one that is necessarily both fact-specific and within her area of expertise — in the first instance. Because the parties' arguments regarding the federal constitution and principles of comity, public policy, waiver, and estoppel all presuppose that jurisdiction under § 620 may be premised on the application of Vermont law, we do not reach them.

*Remanded to the superior court, which shall remand the case to the Commissioner for proceedings consistent with this opinion.*