NOTICE:  This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports.  Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2023 VT 37

No. 22-AP-323

| | |
|---|---|
| Semir Mahmutovic | Supreme Court |
| | |
| | On Appeal from |
| v. | Department of Labor |
| | |
| Washington County Mental Health Services, Inc. | June Term, 2023 |

Michael A. Harrington, Commissioner

Christopher McVeigh of McVeigh ♦ Skiff, Burlington, for Plaintiff-Appellant.

David A. Grebe of McCormick, Fitzpatrick, Kasper & Burchard, P.C., and Evan J. O'Brien of Downs Rachlin Martin PLLC, Burlington, for Defendant-Appellee.

PRESENT:  Reiber, C.J., Eaton, Carroll, Cohen and Waples, JJ.

¶ 1.     **COHEN, J.**  Claimant Semir Mahmutovic appeals a decision of the Commissioner of the Vermont Department of Labor concluding that claimant's prior employer was not obligated to reimburse claimant for lost wages under 21 V.S.A. § 640(c), and that the statute was not unconstitutional as applied to claimant.  We determine that claimant has conceded that the Commissioner properly interpreted § 640(c), and further conclude that claimant does not have standing to challenge the constitutionality of § 640(c).  Accordingly, we affirm.

I.  Factual and Procedural History

¶ 2.     The facts are uncontested.  Claimant suffered a work-related injury to his left knee during his employment with Washington County Mental Health Center (prior employer) on April

27, 2016, and subsequently filed for and received workers' compensation benefits. He later left his job with prior employer and began working for the Howard Center (current employer), where he remains employed. In September 2021, claimant missed work with current employer to travel to Boston to undergo a medical evaluation and treatment of his knee with an orthopedic surgeon. Claimant submitted a reimbursement request to prior employer for $152.72 of lost wages. Prior employer denied payment on the ground that 21 V.S.A. § 640(c), which governs workers' compensation payments for medical benefits, shifts the financial burden of covering wages to current employer.

¶ 3. Following this denial, claimant began these proceedings against prior employer through the Department of Labor. Both parties moved for summary judgment. The parties' arguments focused on which employer should be responsible for lost wages connected to a work-related injury. Section 640(c) provides that "[a]n employer shall not withhold any wages from an employee for the employee's absence from work for treatment of a work injury or to attend a medical examination related to a work injury." In Hathaway v. S.T. Griswold & Co., No. 04-14WC (Mar. 17, 2014), https://outside.vermont.gov/dept/Labor/WorkersComp/2010%20-%202019/2014/04-14WC%20Hathaway%20v.%20S.T.%20Griswold%20Co.%20(March%2017,%202014).pdf, [https://perma.cc/9NXE-U6LU], the Department concluded that § 640(c) shifts the financial responsibility for paying missed wages due to absence from work for treatment or to attend a medical examination due to a work related injury to a claimant's current employer rather than indefinitely keeping that responsibility with the employer from the time of the underlying injury.

¶ 4. Claimant asked the Department to overturn that decision, arguing that requiring a subsequent employer to cover lost wages is unconstitutional. He wrote,

> Section . . . 640(c) as applied to an uninterested employer, meaning an employer who's not on the risk when the injury occurred, violates the due process cause [sic] because the State of Vermont, by statute,

is taking a subsequent employer's property namely its payroll monies, and subsidizing the prior employer and its insurance carrier's responsibilities under §[ ]640(c).

Prior employer argued that claimant did not have standing to bring the constitutional claim, claimant's reimbursement request was improper under § 640(c) because it should have been submitted to current employer, and § 640(c) is not unconstitutional as applied to current employer.

¶ 5.    The Commissioner resolved both motions for summary judgment in prior employer's favor, upholding the statutory interpretation of § 640(c) from Hathaway to conclude that responsibility for claimant's lost wages lies with current, not prior, employer.    The Commissioner further concluded that claimant had standing to raise his constitutional claim but that, as in Hathaway, the application of § 640(c) to current employer's financial obligation to pay claimant's wages is constitutionally sound.    Claimant appealed to this Court, and the Commissioner certified three questions for appeal:

> 1. Which employer is obligated under 21 V.S.A. § 640(c) to pay claimant the wages withheld by his current employer when claimant misses work from his current employment to receive medical treatment for the compensable injury he sustained during his employment with prior employer?
>
> 2. If the current employer is the one obligated to pay wages under § 640(c), does claimant have standing to assert that the application of that provision is unconstitutional?
>
> 3. If so, is the application of § 640(c) to require the current employer to pay the withheld wages unconstitutional?

## II.  Analysis

¶ 6.    In reviewing decisions made by government agencies, this Court applies a "deferential standard of review," done so "out of respect for the 'expertise and informed judgment' of agencies." In re Williston Inn Grp., 2008 VT 47, ¶ 11, 183 Vt. 621, 949 A.2d 1073 (mem.) (quoting In re Twenty-Four Elec. Utils., 160 Vt. 227, 233, 67 A.2d 355, 359 (1993)); see also Gasoline Marketers of Vt., Inc. v. Agency of Nat. Res., 169 Vt. 504, 508, 739 A.2d 1230, 1233

3

(1999) ("[A]bsent a clear and convincing showing to the contrary, decisions made within the expertise of administrative agencies are presumed to be correct, valid, and reasonable . . . ."). Furthermore, we give " 'substantial deference to [the Commissioner's] initial interpretation and application' of workers' compensation statues." Lydy v. Trustaff, Inc./Wausau Ins. Co., 2013 VT 44, ¶ 4, 195 Vt. 165, 76 A.3d 150 (quoting Letourneau v. A.N. Deringer/Wausau Ins. Co., 2008 VT 106, ¶ 8, 184 Vt. 422, 966 A.2d 133); see also Blue v. Dep't of Lab., 2011 VT 84, ¶ 6, 190 Vt. 228, 27 A.3d 1096 (affording deference to Department when interpreting employment-related compensation benefits). While the Court still "require[s] the proper interpretation of the law," it will defer to the Commissioner's interpretation barring a " 'compelling indication of error.' " Lydy, 2013 VT 44, ¶ 4 (quoting Morin v. Essex Optical/The Hartford, 2005 VT 15, ¶ 4, 178 Vt. 29, 868 A.2d 729).

## A. Certified Question One

¶ 7.     The first certified question concerns whether claimant's prior employer is obligated under 21 V.S.A. § 640(c) to pay wages withheld by his current employer for time missed due to medical treatment for a compensable injury. The Department interprets § 640(c) as requiring a current employer to cover the lost wages. On appeal, claimant does not challenge the Department's statutory interpretation of § 640(c), writing,

> The first question . . . seems unnecessary since the Department has already ruled that it is [claimant's] current employer, the Howard Center, who is responsible for those wages. The thrust of this appeal centers on Certified Questions 2 and 3 which focuses [sic] upon [claimant's] standing to pursue this challenge and the constitutionality of the Department's application of Section 640(c). Therefore, [claimant's] Argument addresses Certified Questions 2 and 3.

Prior employer provides substantive arguments regarding certified question one but asks this Court to decline to answer it due to claimant's silence on the statutory-interpretation issue, citing our long-held precedent that inadequately briefed arguments are waived. See Sutton v. Purzycki, 2022

4

VT 56, ¶ 59 n.4, __ Vt. __, __ A.3d __. In reply, claimant writes, "[a]ppellees correctly interpret and apply [claimant's] Brief in regard to the Department's first Certified Question." At oral argument, claimant's attorney confirmed that claimant was not contesting the interpretation of the statute, only its constitutionality as applied.

¶ 8. Because claimant forwent his opportunity to challenge the Commissioner's statutory interpretation, for purposes of this appeal, we accept the construction of § 640(c) as placing the responsibility for lost wages on a claimant's current employer, regardless of whether the claimant's injury was sustained while working for that employer.[1]

## B. Certified Question Two

¶ 9. Next, we turn to the question of whether claimant has standing to challenge the constitutionality of § 640(c) as applied in this case. "This Court [has] adopted a three-part test for standing originally articulated for federal courts: (1) injury in fact; (2) causation; and (3) redressability." Ferry v. City of Montpelier, 2023 VT 4, ¶ 12, __ Vt. __, __ A.3d __. In other words, standing requires a litigant to demonstrate they "have suffered a particular injury that is attributable to the defendant and that can be redressed by a court of law." Parker v. Town of Milton, 169 Vt. 74, 77, 726 A.2d 477, 480 (1998). The Commissioner concluded that claimant has standing to bring his as-applied constitutional challenge, finding that claimant has suffered an injury in fact because he requested lost wages from prior employer and prior employer declined to pay them.

¶ 10. We disagree.[2] Claimant asserts that he has an actual injury because he has a protected property interest in recovering lost wages under § 640(c). Even assuming that claimant's

---

[1] We identified no Vermont precedent regarding the waiver of a certified question and thereby consider the Commissioner's interpretation of § 640(c) to be uncontested rather than consider the parties to have waived certified question one.

[2] Although we disagree with the Commissioner on the question of standing, we need not reverse and remand on these grounds, because it does not change the result. See Gochey v.

$152.72 in lost wages due under § 640(c) is an injury in fact, claimant has not demonstrated that this injury is "fairly traceable to [prior employer]'s allegedly unlawful conduct." Id. at 78, 726 A.2d at 480. As discussed above, claimant has essentially accepted that the Commissioner's interpretation of the statute does not obligate prior employer to compensate him for lost wages. Therefore, his injury—his alleged loss of the property interest created by § 640(c)—is not a result of prior employer's actions. We therefore conclude that claimant does not have standing to bring this as-applied constitutional challenge.

¶ 11. In his briefing, claimant additionally asks us to consider his standing as a third-party beneficiary to pursue a constitutional challenge on behalf of current employer. However, "[l]ike the federal courts, we generally do not allow third-party standing." Baird v. City of Burlington, 2016 VT 6, ¶ 15, 201 Vt. 112, 136 A.3d 223 (finding no exception to general rule against third-party standing because litigants failed to show those potentially harmed in future would likely not be able to assert their own constitutional claims). Claimant provides no basis to allow him to present this constitutional claim on behalf of current employer, and we therefore conclude that he does not have third-party standing in this matter.

### C. Certified Question Three

¶ 12. Because we conclude that claimant does not have standing to raise an as-applied constitutional challenge to 21 V.S.A. § 640(c), we do not reach the merits of his constitutional arguments. See Id. ¶ 10 ("We conclude that appellants lack standing, so we do not reach the merits of their [constitutional] arguments . . . .").

---

Bombardier, Inc., 153 Vt. 607, 613, 572 A.2d 921, 925 (1990) ("[W]e may affirm a correct judgment even though the grounds stated in support of it are erroneous.").

### III. Conclusion

¶ 13.  In sum, claimant concedes that § 640(c) does not obligate prior employer to reimburse him for lost wages and he lacks standing for his constitutional challenges.  Therefore, we affirm the Commissioner's decision granting summary judgment to prior employer.

Affirmed.

FOR THE COURT:

_____

Associate Justice