VERMONT SUPERIOR COURT

Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org

CIVIL DIVISION
Case No. 22-CV-04195

---

Standing Trees Inc. et al v. State of Vermont

---

## Opinion and Order on Plaintiffs' Rule 59(e) Motion to Alter or Amend

On September 1, 2023, the Court granted the State's motion to dismiss, largely on standing grounds. Relying on *Summers v. Earth Island Institute*, 555 U.S. 488 (2009), among other authorities, the Court ruled that Plaintiffs had failed to allege any non-speculative injury sufficient to support standing, which is "fundamentally rooted in respect for the separation of powers," because they failed to allege that there is or will be any particular logging project to cause the feared injury. *Hinesburg Sand & Gravel Co. v. State*, 166 Vt. 337, 341 (1997). Plaintiffs have filed a motion under Vt. R. Civ. P. 59(e) seeking to alter or amend. They argue that the Court has fundamentally misunderstood *Summers*.

"Rule 59(e) motions to alter or amend judgment allow 'the trial court to revise its initial judgment if necessary to relieve a party against the unjust operation of a record resulting from the mistake or inadvertence of the court and not the fault or neglect of a party.' A Rule 59(e) motion 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence.'" *Sutton v. Purzycki*, 2022 VT 56, ¶ 67 (citations omitted). The Rule has a "narrow aim," *N. Sec. Ins. Co. v. Mitec Elecs., Ltd.*, 2008 VT 96, ¶ 41, 184 Vt. 303, 319 (internal quotation omitted); and constitutes "an

extraordinary remedy that should be used sparingly," 11 C. Wright, *et al., Fed. Prac. & Proc. Civ*. § 2810.1 (3d ed.)

In the dismissal decision, the Court reasoned, with reference to *Summers*, as follows:

> In that case, certain environmental organizations collectively known as Earth Island, wished to participate in notice and comment procedures for projects that the United States Forest Service had deemed exempt from such procedures. At the time Earth Island filed suit, one project, "Burnt Ridge," threatened an injury for standing purposes. The controversy as to Burnt Ridge then settled. Earth Island nevertheless sought to persist with the lawsuit as to other projects for which they could not identify any concrete injury. As the *Summers* Court explained, for lack of that harm, they no longer had standing.
>
> .  .  .
>
> Plaintiffs in this case have alleged, at best, only a procedural right *in vacuo*: that if some future project is approved, then it might have some effect on their interests. *There is no project pending in Vermont akin to the abandoned Burnt Ridge project discussed in Summers that might potentially be a basis to claim an imminent and concrete harm*. In other words, like the plaintiffs in *Summers*, they only speculate about some possible, future injury. As the High Court says, however, even in the procedural violation context, "the requirement of injury in fact is a hard floor" of standing doctrine. Plaintiffs have alleged no injury and, therefore, have no standing to invoke judicial power to resolve the controversy.

Decision on Motion to Dismiss at 10–13 (filed Sept. 1, 2023) (citations omitted, emphasis added).

In their Rule 59 motion, Plaintiffs argue that the Earth Island plaintiffs were found to lack standing because they did not establish that they anticipated visiting any of the locations of affected projects other than Burnt Ridge, and there no longer was any controversy as to Burnt Ridge. Here, they argue that Plaintiffs have alleged that they live by and routinely visit at least some parts of the Camel's Hump area. In other words, Camel's Hump is their Burnt Ridge.

Plaintiffs' contention misapprehends the Court's decision. There was no dispute in *Summers* that the Earth Island plaintiffs had standing vis-à-vis the Burnt Ridge Project. The Burnt Ridge Project was, in fact, an actual project that had been removed from notice and comment procedures; there was nothing speculative about that undertaking. And at least one Earth Island member had sufficiently asserted that he visited the specific site of that project. *Summers*, 555 U.S. at 494 ("Affidavits submitted to the District Court alleged that organization member Ara Marderosian had repeatedly visited the Burnt Ridge site, that he had imminent plans to do so again, and that his interests in viewing the flora and fauna of the area would be harmed if the Burnt Ridge Project went forward without incorporation of the ideas he would have suggested if the Forest Service had provided him an opportunity to comment.").

The instant Plaintiffs allege that they live near the Camel's Hump area and routinely visit at least some sites within it. They do not, however, allege any non-speculative project in the Camel's Hump area (much less at any specific site) that might damage their particular interests and, thus, form the basis for any alleged injury for standing purposes. Rather, they allege a mere fear that such a project could materialize in the future because the State has indicated an interest in projects in that general area, among many others. As explained, that fear is far too speculative to describe an injury for standing purposes.

To the extent that Plaintiffs characterize the Court's ruling as wrongly imposing on them some obligation to allege that curing a procedural violation would, with some certainty, cure the alleged injury, they are mistaken. The Court's decision depends on the injury prong of the analysis, not redressability. As explained in the decision, the

United States Supreme Court's contemporary cases addressing procedural violations are clear that redressability may be relaxed in the procedural violation context—but the bedrock requirement of an injury is not; injury remains the "hard floor" of the doctrine. A mere procedural violation is not an injury unto itself. Under those cases, Plaintiffs' allegations fall well short of describing an injury.

To be sure, federal standing doctrine in the context of procedural violations in environmental cases is unsettled and "particularly abstract." 13A C. Wright, *et al., Fed. Prac. & Proc. Juris*. § 3531.4 (3d ed.). Depending on the circumstances, some courts have been more lenient in the type of alleged injury that is sufficient for standing purposes. "At present, all that can be said is that other courts . . . have refused to find sufficiently particularized injury to support standing to claim violation of procedural requirements in environmental statutes." *Id.* As the treatise underscores, however, the most recent United States Supreme Court decisions are clear that the identification of a concrete and particularized injury remains an irreducible requirement regardless of the procedural context.

Standing law in Vermont has not yet addressed cases in the context of environmental procedural violation. Nothing in existing Vermont cases indicates any palpable willingness to stretch the doctrine as far as some lower federal courts have taken it. Our Court has uniformly required "a particular injury" to establish standing. *Mahmutovic v. Washington Cnty. Mental Health Servs.*, Inc., 2023 VT 37, ¶ 9; *see also Vasseur v. State*, 2021 VT 53, ¶ 10, 215 Vt. 224, 228 (2021) ("The plaintiff 'must present a real—not merely theoretical—controversy involving the threat of actual injury to a protected legal interest rather than merely speculating about the impact of some

generalized grievance.'" (citation omitted)). Plaintiffs in this case allege only a speculative or "theoretical" injury. They lack standing under such circumstances.

To the extent that Plaintiffs attempt to analogize to two 9th Circuit cases—*Idaho Conservation League v. Mumma*, 956 F.2d 1508 (1992), and *Laub v. U.S. Dept. of Interior*, 342 F.3d 1080 (9th Cir. 2003)—the Court finds neither helpful. The *Mumma* decision appears to have been motivated in large part by a statutorily tiered, or staged, decision-making process. The plaintiffs brought their challenge during an earlier stage of the process before later site-specific determinations had become final. The Court explained the now-or-never predicament as follows: "if the agency action only could be challenged at the site-specific development stage, the underlying programmatic authorization would forever escape review. *To the extent that the plan pre-determines the future*, it represents a concrete injury that plaintiffs must, at some point, have standing to challenge. That point is now, or it is never." *Mumma*, 956 F.2d at 1516 (emphasis added).

On the other hand, Plaintiffs in this case have not alleged that Defendants have made any decisions that pre-determine the future. Instead, they allege a generalized intention on the part of Defendants and a robust and comprehensive review process that would precede any actual, as-yet unidentified project that might be proffered in the future.

Plaintiffs fair no better under *Laub*. There, the Court took care to note that the plaintiffs had alleged a concrete injury apart from a mere procedural violation: "The plan selected by the challenged EIS/EIR would 'convert agricultural lands to other uses, including habitat, levee improvements, and water storage,' and would reallocate

agricultural waters in some areas. Plaintiffs have alleged that this would adversely impact their ability to maintain current irrigation levels in their farmlands. Thus, Plaintiffs have adequately alleged that the proposed action will endanger their interests." *Laub*, 342 F.3d at 1087. That the plan had remaining details to be worked out did not mean that there was no adequate injury for standing purposes, at least at the pleading stage.

This case is different. The defect in this case is not that a proposed project may have site-selection details left to be decided, with some probability of a resulting injury. Here, whether any relevant project may come to exist at all is entirely speculative. As far as the allegations go, there could at some point be—but may not be—some administrative movement toward a project somewhere in the expansive Camel's Hump area. Any such project would then be subject to its own review process. Such allegations fail to establish a present and palpable injury sufficient to establish standing. *See Brod v. Agency of Nat. Res.*, 2007 VT 87, ¶ 13, 182 Vt. 234, 240 ("Plaintiffs must be directly affected by a government action, rule or law in order to have standing to challenge it.").

Plaintiffs have failed to clearly establish any manifest error of law under Rule 59(e).

<u>Conclusion</u>

For the foregoing reasons, Plaintiffs' motion to alter or amend is denied.

Electronically signed on November 8, pursuant to V.R.E.F. 9(d).

_____
Timothy B. Tomasi
Superior Court Judge