2003 VT 84

**In re Dexter and Susan MERRITT**

[833 A.2d 1278]

No. 02-306

¶ 1. September 12, 2003. Plaintiffs Dexter and Susan Merritt appeal from a decision of the Environmental Board sustaining a jurisdictional opinion that Act 250 applied to a five-lot subdivision that they sold at public auction. On appeal, plaintiffs argue that the Environmental Board erred because: (1) the jurisdictional opinions were issued sua sponte by district environmental coordinators in violation of our holding in *In re Vt. Verde Antique Int'l, Inc.*, 174 Vt. 208, 811 A.2d 181 (2002); and (2) plaintiffs

were not required to obtain an Act 250 permit under the plain language of 10 V.S.A. § 6001a. We affirm.

¶ 2. In 1987, plaintiffs purchased an undeveloped thirty-nine-acre tract of land in East Montpelier. In 1991, they desired to use the property as collateral for a loan, and, to optimize the value of the land, divided it into five lots. Plaintiffs recorded the subdivision plot in the East Montpelier land records. In October 1999, plaintiffs decided to sell the property, but were unsuccessful in their attempts to do so through advertising and a real estate agent. They then decided to sell the lots at public auction. The auction was held in October, and all five lots were sold. In November, while securing subdivision permits from the Department of Environmental Conservation, plaintiffs received a "project review sheet" containing an assistant district coordinator's jurisdictional opinion stating that an Act 250 permit was not required "as long as owners have not subdivided more than 9 lots." The project description supplied to the department did not mention that the subdivided lots were to be sold at public auction. Closings on the lots occurred in December 1999 and the following March.

¶ 3. On June 27, 2001, based on information received that the five lots had been sold at public auction, the district coordinator issued a second jurisdictional opinion revising the first. Relying on 10 V.S.A. § 6001a, which defines "development" as the partitioning of land into five or more separate parcels for the purpose of resale by public auction, the district coordinator concluded that an Act 250 permit was required. Plaintiffs filed a request for reconsideration, which was denied. They did not appeal the June 27, 2001 jurisdictional opinion.

¶ 4. In October 2001, plaintiffs filed an application for an Act 250 permit. In March 2002, they moved to dismiss their application, arguing that Act 250 did not apply. The district environmental commission denied plaintiffs' motion to dismiss, explaining that the proper avenue for obtaining a jurisdictional opinion was through the district coordinator pursuant to 10 V.S.A. § 6007(c). Also in March, the district coordinator issued a third jurisdictional opinion, stating that the June 27, 2001 jurisdictional opinion was final because plaintiffs had not timely appealed.

¶ 5. Plaintiffs filed a motion for leave to take an interlocutory appeal to the Environmental Board based on the commission's refusal to rule on the question of whether there was jurisdiction over the subdivided lots. Plaintiffs did not appeal the district coordinator's March 2002 jurisdictional opinion. The Environmental Board converted plaintiffs' motion into a petition for a declaratory ruling on jurisdiction because the issue on appeal was whether Act 250 applied to plaintiffs' subdivision. The Environmental Board concluded that the June 27, 2001 jurisdictional opinion was final because it had not been appealed within thirty days and thus Act 250 applied. Plaintiffs then appealed to this Court.

¶ 6. On appeal, plaintiffs argue that all three jurisdictional opinions in this case are void under *In re Vt. Verde Antique Int'l, Inc.*, 174 Vt. 208, 811 A.2d 181 (2002). In that case, we held that jurisdictional opinions issued sua sponte by district coordinators are unenforceable and invalid. *Id.* at 213, 811 A.2d at 185. Plaintiffs maintain that the jurisdictional opinions in this case were issued sua sponte, and therefore, the Environmental Board erred in concluding that plaintiffs were bound by their failure to appeal an "invalid and unenforceable order."

¶ 7. We do not address this argument because plaintiffs failed to preserve it for our review. "[T]o properly preserve an issue for appeal a party must present the issue with specificity and clarity in a manner [that] gives the trial court a fair opportunity to rule on it." *In re White*, 172 Vt. 335, 343, 779 A.2d 1264, 1270 (2001) (internal quotation marks and

citation omitted). This Court is "particularly solicitous regarding this requirement" in appeals from the Environmental Board because "preservation is statutorily required as part of the Act 250 scheme." *Id.* at 343, 779 A.2d at 1271; see 10 V.S.A. § 6089(c) ("No objection that has not been urged before the board may be considered by the supreme court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances."). In this case, plaintiffs failed to argue below that the district coordinator's jurisdictional opinions were void because they were issued sua sponte; indeed, they did not present evidence that the jurisdictional opinions were actually issued sua sponte. Plaintiffs therefore failed to preserve this issue for our review. See *White*, 172 Vt. at 343, 779 A.2d at 1270-71.

¶ 8. Based on our conclusion above, we need not address plaintiffs' second argument that 10 V.S.A. § 6001a does not create Act 250 jurisdiction over their land auction because they did not initially partition their land for the purpose of resale by public auction.

*Affirmed.*