STATE OF VERMONT
ENVIRONMENTAL COURT

|  | } |  |
|---|---|---|
| In re: Marcelino Waste Facility | } |  |
| (Appeal from Act 250 JO #4-205, 2nd Recons.) | } | Docket No. 44-2-07 Vtec |
|  | } |  |

## Decision on Motion to Dismiss Appeal

Appellant Ranger Asphalt and Concrete Processing, LLC ("Appellant" or "Ranger Asphalt") appealed from the District Commission #4 Coordinator's second reconsideration of Jurisdictional Opinion #4-205 dated January 23, 2007, determining that purported improvements to a recycling/waste facility operated by Appellee A. Marcelino & Company, Inc. ("Appellee" or "Marcelino") did not trigger Act 250 jurisdiction over the facility and that therefore no Act 250 Permit is required for the facility. Appellee moves to dismiss the pending appeal on the two grounds that Ranger Asphalt was not granted party status by the District Commission below and that Ranger Asphalt improperly filed its notice of appeal by failing to state its grounds for claiming party status.

Ranger Asphalt did not have party status before the District Commission below because there were no proceedings before the District Commission. This appeal is taken from a Jurisdictional Opinion ("JO") issued by the District Coordinator where no Act 250 application was filed. Ranger Asphalt first requested the JO, and then appealed from the Coordinator's eventual determination.[1] Ranger Asphalt had a right to request the JO, as does "any person" pursuant to 10 V.S.A. § 6007(c), which provides that "any person . . . may request a jurisdictional opinion from the district coordinator concerning the applicability of [Chapter 151]."[2]

Ranger Asphalt has standing to appeal the District Coordinator's determination of that request to this Court pursuant to 10 V.S.A. § 8504(a), which provides that "any person aggrieved by an act or decision of . . . a district coordinator . . . may appeal to the environmental court."

---

[1] The District Coordinator initially determined that Act 250 jurisdiction was not triggered, then reconsidered and determined that Act 250 jurisdiction was triggered, and finally determined on second reconsideration that Act 250 jurisdiction was not triggered, at each stage relying on the information provided by Ranger Asphalt or Marcelino.

[2] It appears that the only person who may not request a JO is the District Coordinator herself, see In re Vermont Verde Antique Int'l, Inc., 174 Vt. 208, 212 (2002) ("'any person' refers broadly to third parties exclusive of the coordinator, who is authorized to rule on such requests, but not to make them.").

Ranger Asphalt qualifies as a "person aggrieved" as that term is defined in 10 V.S.A. § 8502(7): "'Person aggrieved' means a person who alleges an injury to a particularized interest protected by the provisions of law listed in section 8503 of this title, attributable to an act or decision by a district coordinator . . . that can be redressed by the environmental court." Id. Marcelino's motion to dismiss must therefore be denied as to the first ground offered, because Ranger Asphalt has standing under the statute to bring the above-captioned appeal.

As to Marcelino's second basis for its motion to dismiss, we note that the timely filing of a notice of appeal is jurisdictional, In re Shantee Point, 174 Vt. 248, 259 (2002). As provided in V.R.E.C.P. 5(b)(1), the "[f]ailure of an appellant to take any step other than the timely filing of the notice of appeal does not affect the validity of the appeal," although other failures may, in the Court's discretion, warrant dismissal of the appeal. Here, the Notice of Appeal filed by Ranger Asphalt on February 21, 2007 included the name of the appellant and the signature of Appellant's attorney, clearly identified the act or decision appealed from, identified the subject matter of that act or decision, named the court to which the appeal was taken, and provided the statutory section governing the appeal: 10 V.S.A. § 8504. Nothing else was required, as § 8504(a) is the statutory provision providing Ranger Asphalt with party status before this Court. Marcelino's motion to dismiss must therefore be denied as to the second ground offered, because the Notice of Appeal filed by Ranger Asphalt complied with the requirements of V.R.E.C.P. 5(b)(3).

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellee Marcelino's Motion to Dismiss the pending appeal is **DENIED**. This matter will be scheduled for a pre-trial conference with the Environmental Case Manager once the discovery and motion deadlines pass on July 31, 2007 (see Scheduling Order of April 18, 2007). At that conference, the parties should be prepared to discuss possible dates for a merits hearing.

Done at Berlin, Vermont this 30th day of May, 2007.

_____
Thomas S. Durkin, Environmental Judge