2012 VT 42

## In re Musty Permit (Frederick P. Tiballi, Appellant)

[49 A.3d 158]

No. 11-290

Present: Reiber, C.J., Skoglund and Burgess, JJ., and Davenport and Zonay, Supr. JJ., Specially Assigned

Opinion Filed June 8, 2012

*Mark L. Sperry* of *Langrock Sperry & Wool, LLP*, Burlington, for Appellant.

*Liam L. Murphy* and *Damien J. Leonard* of *Murphy Sullivan Kronk*, Burlington, for Appellee.

*Kimberlee J. Sturtevant* of *McNeil, Leddy & Sheahan, P.C.*, Burlington, for City of Burlington.

¶ 1. **Skoglund, J.** Appellee Sherrill N. Musty[*] applied to the Burlington Development Review Board (DRB) in 2008 for approval to subdivide a 14,947-square-foot property. She sought to create one 8927-square-foot lot containing her existing house (the "house lot"), and a 6020-square-foot vacant lot on which she planned to build a new, smaller house (the "vacant lot"). The DRB approved the subdivision application on December 17, 2008. We affirm.

¶ 2. However, the DRB conditioned approval on appellee submitting a revised plat prior to filing the final plat with the city clerk that conformed to applicable front-yard setback requirements. In order to achieve the appropriate setback distances, the

---

[*] Ms. Musty's name is alternately spelled "Sherrill N." and "Cheryl Ann" in various documents in the proceedings below. Her attorney on appeal spells it "Sherrill N." so we presume this is correct.

dividing line between the two lots would shift slightly, thereby changing the square footage of each lot. Pursuant to the conditional approval, appellee filed a revised plat with compliant front-yard setbacks and a new dividing line that increased the vacant lot to 7220 square feet and decreased the house lot to 7727 square feet. This revised plat was reviewed and approved by the city engineer, the DRB chairman, and the city zoning compliance officer. No party ever challenged any part of the subdivision process.

¶ 3. More than a year later, appellee applied for a zoning permit to construct a single-family house on the vacant lot. The application was approved, and two sets of neighbors (including Frederick Tiballi, appellant here) appealed the decision to the DRB. The DRB affirmed, and appellant appealed to the Environmental Division of the Superior Court.

¶ 4. The Environmental Division expressed sympathy for appellant and other neighbors because appellee was trying to develop a lot that had initially been platted at 6020 square feet, but was subsequently increased post-DRB approval to 7220 square feet. However, the court concluded that the proceedings concerning the subdivision approval were "entirely proper" and followed the DRB's "specific direction." The court noted that the DRB directed appellee to submit a revised subdivision plat conforming to the applicable setback requirements for staff review prior to filing the plat with the city clerk. Appellee followed these directions "to the letter," resulting in a properly approved and recorded subdivision plat. As a result, when the court reviewed the pending construction permit application, it started with the understanding that the underlying subdivision approval was properly granted. The only issue before the court was the construction permit application itself, and because the application conformed to all applicable city ordinance provisions, the court upheld the issuance of appellee's zoning permit. We affirm.

¶ 5. Appellant raises a number of issues on appeal, all of which are fundamentally attacks on the underlying subdivision approval. Appellant never challenged any part of the 2008 subdivision application or approval, so the only issue before the Environmental Division was whether appellee's construction permit application should have been granted. On appeal, appellant makes no arguments as to why the construction permit was improperly granted; he focuses solely on collaterally attacking the earlier subdivision

approval. While some of these arguments could potentially have merit, none were preserved for appeal. Accordingly, we do not address them. *In re Merritt*, 2003 VT 84, ¶ 7, 175 Vt. 624, 833 A.2d 1278 (mem.).

¶ 6. Even if the DRB's approval of the subdivision application was ultra vires, as appellant contends, the policy of repose imposed by statute and by this Court does not allow appellant to challenge the subdivision approval at the Environmental Division level because he did not appeal the decision to the DRB. See 24 V.S.A. § 4472(a) ("[T]he exclusive remedy of an interested person . . . shall be the appeal to the [DRB], and the appeal to the environmental division from an adverse decision upon such appeal."); *Levy v. Town of St. Albans Zoning Board of Adjustment*, 152 Vt. 139, 142-43, 564 A.2d 1361, 1363 (1989) (allowing collateral attacks on final decisions of town zoning boards, even if ultra vires, would "severely undermine the orderly governance of development and would upset reasonable reliance on the process").

*Affirmed.*