STATE OF VERMONT

SUPERIOR COURT                                                    ENVIRONMENTAL DIVISION
                                                                 Docket No. 105-8-17 Vtec

| 623 Roosevelt Highway Act 250 |
|---|

## ENTRY REGARDING MOTION

Count 1, Act 250 District Commission Decision (105-8-17 Vtec)

Title:          Motion to Dismiss/Clarify SOQ (Motion 3)

Filer:          Natural Resources Board

Attorney:       Peter J. Gill

Filed Date:     November 1, 2017

Response in Opposition filed on 11/15/2017 by Attorney Harry C. Parker for
    Appellants Sofaria, LLC and C-12 WTH, LLC

Reply in Support filed on 11/27/2017 by Attorney Peter J. Gill for the Natural Resources Board

**The motion is GRANTED IN PART and DENIED IN PART.**

The present appeal is of a July 21, 2017 decision by the District #4 Environmental Commission ("District Commission") issuing a permit to the Agency of Transportation ("VTrans") for a project in Colchester, Vermont. C-12 WTH, LLC and Sofaria, LLC (together, "Appellants") have appealed the decision to this Court.[1] Presently before the Court is the Vermont Natural Resources Board's ("NRB") motion to dismiss or clarify various questions in Appellants' Statement of Questions.

Appellants filed their original Statement of Questions in the matter on September 7, 2017. On October 30, 2017, they filed an Amended Statement of Questions. On November 1, 2017, the NRB filed the pending motion, requesting the Court strike Question 4, strike or clarify Question 9, and dismiss Question 15.[2]

A statement of questions defines the scope of this Court's jurisdiction on appeal and provides notice to the other parties and this Court of the matters to be considered in litigation. See V.R.E.C.P. 5(f); In re Musty Permit, No. 174-10-10 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. Jul. 28, 2011) (Durkin, J.), aff'd 2012 VT 42. This Court generally takes a liberal view in granting a

---

[1] This matter has been coordinated with another appeal of municipal permits issued to VTrans for the same project, docketed in this Court as No. 72-6-17 Vtec.

[2] In their motion, the NRB moves to dismiss Question 4 and 9 on redundancy grounds pursuant to V.R.C.P. 12(f). The Court reads this as a motion to strike.

motion to amend a statement of questions.  Buchwald Home Occupation CU Permit, No. 181-12-13 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. Apr. 1, 2014).

The questions must be sufficiently clear to give the Court and the other parties notice of the grounds on which the appellant's claims rest.  Reporter's Notes, V.R.C.P. 8(a) (citing Conley v. Gibson, 355 U.S. 41, 47 (1957)).  Both the parties and the Court "are entitled to a statement of questions that is not vague or ambiguous, but is sufficiently definite so that they are able to know what issues to prepare for trial."  In re Unified Buddhist Church, Inc., Indirect Discharge Permit, No. 253-10-06 Vtec, slip op. at 5 (Vt. Envtl. Ct. May 11, 2007) (Wright, J.).

Here, Question 4 asks:

Pursuant to Criterion 8, where the Subject Property has an approved landscape plan where the landscaping has now fully matured to provide a pleasing aesthetic quality when viewed from the road, how will the proposed landscaping not cause an undue adverse effect on the scenic or natural beauty of the area and the aesthetics?

Question 6 asks:

Pursuant to Criterion 8, where the Subject Property was formerly used as long term storage, and a landscaping plan was approved to "buffer the site from adjacent properties", and the proposed landscaping will be primarily "hardscape", how will the removal of 16 trees that were required under the original landscaping plan that currently contribute to the aesthetic quality of the site not create an undue adverse effect on aesthetics?

The NRB argues that Question 4 is redundant to Question 6.  Therefore, the NRB argues Question 4 should be dismissed for clarity or, in the alternative, the Questions should be consolidated to eliminate the redundancy.  Appellants disagree, arguing Question 4 addresses impacts as viewed from the road whereas Question 6 concerns impacts to adjoining property owners.

Based on Appellants' representations, Questions 4 and 6 seek to address aesthetic impacts from different vantage points and are, therefore, not redundant of one another.  The NRB's motion to strike Question 4 is **DENIED**.

Further, the Court reads these questions with the clarification provided by Appellant.  With this context, the Court finds both questions adequately clear.  Therefore, the NRB's motion to clarify Questions 4 is **DENIED**.

Question 9 asks:

Where the subject property seeks to add a total [*sic*] six hundred (600) trip ends per day, an estimate that Appellant believes is low, where, presently, there are none available, according to their knowledge, because development projects in this corridor of Route 7 are governed by Act 250 permit #4C1271, 4C0676R-16, 4C0288-21[,] and 4C0471-7 does the exclusion of this project from the umbrella permit result in an undue adverse effect on traffic conditions and future development pursuant to Criterion 5?

The NRB argues that Question 9 is ambiguous and unclear.  Additionally, the NRB argues that any rephrasing of Question 9 would be redundant of Question 8, which asks whether the development will have an undue adverse effect on traffic congestion under Criterion 5, such that Question 9 should be stricken.  Appellant represents Question 9 addresses traffic impacts due to trip ends, as opposed to traffic congestion addressed in Question 8, such that the Questions are not redundant of one another.

Based on Appellants' representations, Questions 8 and 9 appear to be addressing a different vantage point of traffic impacts.  We therefore **DENY** the NRB's motion to strike Question 9.

However, Question 9 as stated is not sufficiently clear.  First, the Court is unsure what the "umbrella permit" refers to and its applicability to the pending action.  Second, it is unclear how the Act 250 permits referenced are applicable to the site or the proposed development.  Third, we are unsure how trip ends are relevant to the permits referenced.  Because of this, NRB's motion to clarify Question 9 is **GRANTED**.

The Court directs Appellants to clearly state the impacts Question 9 seeks to address, the permits referenced and any applicable conditions and their relevance to the application presently on appeal.  To the extent Appellants determine this should be done through separate questions, they may do so.[3]

Finally, Question 15 addresses the Chittenden County Regional Planning Commission 2013 ECOS plan.  The NRB moves to dismiss Question 15, arguing that Appellants do not have party status to raise the issues in the Question.  The NRB argues this question addresses compliance with a regional plan under Criterion 10, under which Appellants did not request party status and were not granted status before the District Commission.

Parties "may only appeal those issues under the criteria with respect to which the person was granted party status."  10 V.S.A. § 8504(d)(1).  Appellants argue the 2013 ECOS plan is a guidance document since the project site is governed by its requirements, the plan references Act 250 at various points, as well as aspects applicable to Criteria Appellants were granted party status under.  However, the Question asks whether the project complies with the plan.  Compliance with a regional plan is based in Criterion 10.  Appellants did not request and were not granted party status under Criterion 10.  As Appellants do not have party status to address these issues, Question 15 is outside the scope of the present appeal.  The motion to dismiss Question 15 is **GRANTED**.

For the foregoing reasons, we **DENY** the NRB's motion to strike, consolidate or clarify Question 4, **DENY** the motion to strike Question 9, and **GRANT** the motion to clarify Question 9 and dismiss Question 15.

---

[3] The Court notes that when submitting a clarified question, Appellants must avoid including factual and legal information that goes into arguing the merits of the action, as such statements are inappropriate in a Statement of Questions.  See In re Conlon, No. 2-1-12 Vtec, slip op. at 1-2 (Vt. Super. Envtl. Div. Aug. 30, 2012) (Durkin, J.) (citing Frostbite Mine, No. 12-1-11 Vtec, slip op. at 2 (Vt. Super. Envtl. Div. Nov. 3, 2011) (Durkin, J.)).

**So Ordered.**

Electronically signed on February 27, 2018 at Burlington, Vermont, pursuant to V.R.E.F. 7(d).

_____

Thomas S. Durkin, Superior Judge
Environmental Division

Notifications:
Harry C. Parker (ERN 7334), Attorney for Appellants C-12 WTH, LLC and Sofaria, LLC
Toni Clithero (ERN 4050), Attorney for Interested Person Vermont Agency of Transportation
Peter J. Gill (ERN 4158), Attorney for Interested Person Vermont Natural Resources Board
Melanie Kehne (ERN 2561), Co-counsel for State parties