VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.       22-AP-153



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

### ENTRY ORDER

APRIL TERM,   2023

| | |
|---|---|
| In re Guardianship of Virginia Black (Elizabeth Black\* & Jonathan Black\*) | } APPEALED FROM: } } Superior Court, Washington Unit, } Civil Division } CASE NO. 636-11-18 Wncv Trial Judge: Robert R. Bent |

In the above-entitled cause, the Clerk will enter:

This case involves a dispute between siblings Elizabeth and Jonathan Black and their sister Deborah Black regarding the guardianship of their mother Virginia Black.  On appeal, appellant Elizabeth Black claims that the civil division erred in denying her requests to terminate the guardianship or, in the alternative, appoint her as guardian.  We affirm.

The court found the following.  Virginia[1] was born in September 1926.  She was a high-functioning individual through most of her life.  In 2012, she had a stroke and developed aphasia, resulting in a disputed level of cognitive impairment.  Virginia's aphasia causes profound language-comprehension deficits.  Elizabeth lives with Virginia and has been Virginia's primary caretaker since her stroke.  In 2016, Deborah, who is a physician, moved to establish an involuntary guardianship for Virginia under 14 V.S.A. § 3063.  Elizabeth opposed the request. The probate court appointed an evaluator, who concluded that a guardian was necessary as Virginia was unable to make her own decisions regarding personal, medical, legal, or financial matters.  The probate court granted the request for an involuntary guardianship over Elizabeth's opposition.  The probate court also appointed an attorney for Virginia and approved Deborah as the guardian.  Elizabeth appealed to the civil division, but later withdrew her appeal after the

---

[1]  Because many of the individuals involved in this case have the same last name, we identify those involved using first names but intend no disrespect.

parties agreed to the appointment of Richard Knowles as guardian.[2]  In 2018, guardian Knowles withdrew, and the probate division appointed an attorney, Susan Buckholz, as financial guardian and Deborah as guardian for medical treatment.

Elizabeth subsequently moved to terminate the guardianship and the probate court denied the request.  Elizabeth then appealed to the civil division.  A court-appointed evaluator assessed Virginia.  The evaluator met with Virginia on several occasions and spoke with her.  Although Virginia was able to communicate about passing pleasantries, she was not able to respond correctly to questions about people Virginia knew or to identify her lawyer, legal guardian, or former doctor.  The evaluator determined that Virginia was not able to manage the complexities of directing her own personal care and financial matters, and concluded that Virginia could not make or communicate reasoned decisions.  The evaluator recommended continuing the guardianship.  Elizabeth opposed the evaluator's recommendation and urged the court to consider that Virginia's desire was to dissolve the guardianship.

Following four days of hearings, the civil division issued a written order.  The civil division found that Elizabeth assisted her mother with matters of daily living but had thwarted efforts of the court-appointed guardian ad litem to meet with Virginia and had pushed aside her sister Deborah, a physician, who was Virginia's guardian for medical matters.  The court further found that Elizabeth worked hard to end the guardianship and estranged her siblings Deborah and David from their mother.  The civil division found no merit to Elizabeth's contentions that her sister and sister's lawyer falsified evidence or that there was a conspiracy against her.  The civil division credited the evaluator's report and testimony regarding Virginia's capabilities.  The court further found that Virginia did not have the capacity to independently make decisions regarding whether she should have a guardian and who it should be.  The court concluded that there were no grounds to dissolve the guardianship and denied Elizabeth's request to be appointed guardian.

Elizabeth appeals the civil division order and raises many issues.[3]  We do not address Elizabeth's accusations regarding the propriety of the costs incurred or charged by the guardian or Virginia's appointed attorney because these are beyond the scope of this appeal, which is

---

[2]  On appeal, Elizabeth asserts that when she agreed to this appointment and withdrew her appeal, she did not understand what was meant by dismissing the appeal "with prejudice."  She has not presented any basis to disturb that long-final dismissal.

[3]  Appellees argue that the appellants' brief is inadequate because it fails to conform to the requirements of the appellate rules by, among other things, failing to cite to authorities or places in the record that support the argument.  V.R.A.P. 28(e).  Appellees note that there is a very large record in this case and the lack of references impairs appellees' ability to respond to appellant's general assertions.  Appellees' request to wholly disregard appellant's brief for failure to comply with the appellate rules is denied.  The Court addresses the arguments that it is able to ascertain from appellant's brief.

limited to whether the civil division erred in denying Elizabeth's request to terminate the guardianship or appoint Elizabeth as guardian.[4]

An involuntary guardianship may be terminated or modified if there is "a change in the ability of the person under guardianship to manage his or her personal care or financial affairs." 14 V.S.A. § 3077(a)(4). On appeal, we will uphold the court's findings "unless they are clearly erroneous" and affirm its conclusions "as long as they are reasonably supported by the findings." Waterbury Feed Co. v. O'Neil, 2006 VT 126, ¶ 6, 181 Vt. 535 (mem.).

We first address the court's decision not to terminate the guardianship. Elizabeth argues that the court's decision was erroneous. Her arguments question the quality and persuasiveness of the evidence credited by the civil division. Among other claims, Elizabeth argues that her sister Deborah lied and conspired with others to impose the guardianship, that the evaluator relied on false information and the report was not credible, that several witnesses presented false information, and that Virginia is able to effectively communicate and wishes to end the guardianship. The civil division is charged with determining "the credibility of the witnesses and the weight of the evidence," and its findings will "not be set aside unless clearly erroneous." V.R.C.P. 52(a)(2). On appeal, this Court does not engage in factfinding and will not reevaluate the evidence. See Sweet v. St. Pierre, 2018 VT 122, ¶ 13, 209 Vt. 1 (explaining that "it is not the role of this Court to reweigh the evidence or assess the credibility of witnesses; such decisions are left to the trial court as the trier of fact"). The civil division acted within its discretion here in determining the weight and credibility of the evidence. Elizabeth has presented no basis to invalidate any of the court's findings regarding Virginia's capability "to manage . . . her personal care or financial affairs." 14 V.S.A. § 3077(a)(4). Moreover, those findings support the civil division's conclusion that Virginia's condition had not vastly improved and therefore there were no grounds to terminate the guardianship.

We next turn to Elizabeth's contention that the court erred in declining to appoint her as guardian. The court found that Elizabeth is bonded to her mother and has demonstrated affection and commitment to Virginia. Nonetheless, the court declined to appoint Elizabeth as guardian because it found that Elizabeth would not follow court-imposed rules and expectations if they conflicted with her beliefs. On appeal, Elizabeth disagrees with the court's assessment and argues that Deborah does not act in Virginia's interest and Virginia's health is jeopardized by having Deborah as medical guardian. There are no grounds to reverse the civil division's decision to retain the current guardians. As explained above, although Elizabeth disagrees with the court's evaluation of the evidence, this is not a basis to reverse the court's decision.[5]

_____

[4] This Court has considered the materials that were made part of the record on appeal as defined in Vermont Rule of Appellate Procedure 10.

[5] Elizabeth makes other assertions regarding the procedures in the civil division, including that she was denied the opportunity to present certain testimony because the court did provide a subpoena for her witness. Elizabeth has not demonstrated how this argument was preserved below and therefore we do not address it. See In re Merritt, 2003 VT 84, ¶ 7, 175 Vt. 624 (mem.) (explaining that party must present issue "with specificity and clarity" to trial court to properly preserve it for appeal (quotation omitted)).

3

Finally, we reject Elizabeth's assertion that the judge was biased against her because he credited evidence that she deems false and was not persuaded by her assertions. Adverse judicial rulings do not in themselves amount to evidence of bias or partiality. Ainsworth v. Chandler, 2014 VT 107, ¶ 16, 197 Vt. 541. Elizabeth has not demonstrated any improper motivation of the trial judge in this case.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Harold E. Eaton, Jr., Associate Justice

_____
William D. Cohen, Associate Justice