NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: Reporter@vtcourts.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2025 VT 3

No. 24-AP-123

| | |
|---|---|
| Ehren Hill | Supreme Court |
| | |
| | On Appeal from |
| v. | Commissioner of Labor |
| | |
| Agri-Mark, Inc. | December Term, 2024 |

Michael A. Harrington, Commissioner

Christopher McVeigh of McVeigh ♦ Skiff, LLP, Burlington for Plaintiff-Appellant.

David A. Grebe of McCormick, Fitzpatrick, Kasper & Burchard, P.C., Burlington, for Defendant-Appellee.


PRESENT: Reiber, C.J., Eaton, Carroll, Cohen and Waples, JJ.


¶ 1.    **WAPLES, J.**   The issue in this case is whether the Department of Labor has the authority to promulgate Workers' Compensation and Occupational Disease Rule 8.1500. We conclude that it does and therefore affirm.

¶ 2.    The underlying facts of this case are undisputed. Claimant worked for defendant when he suffered a hernia in March 2021. Defendant accepted liability for the injury after its doctor found the hernia causally related to claimant's work for defendant. Shortly after being hurt, claimant left his job with defendant. Claimant then began working at Meeting House Furniture Restoration. In July, while still working at Meeting House, claimant began also working at Black Back Pub. He worked both jobs concurrently until he left his job at Meeting House in September

2021. Claimant continued working at Pub until October 8, 2021, when he underwent hernia surgery related to the injury he sustained while working for Defendant in March 2021. The parties agree that claimant was disabled from work as of October 8, 2021, the date of his surgery.

¶ 3.    Claimant's disability benefits turn on his "average weekly wages." 21 V.S.A. § 642(a)(1). Average weekly wages are calculated by reference to the "average weekly earnings of the worker during the 26 weeks preceding an injury."[1] Id. § 650(a)(1). Vermont's Workers' Compensation Act (WCA) at 21 V.S.A. § 650(a)[2] explains how the Department is to compute average weekly wages:

> (a)(1) Average weekly wages shall be computed in such manner as is best calculated to give the average weekly earnings of the worker during the 26 weeks preceding an injury . . .
>
> . . . .
>
> (4) If the injured employee is employed in the concurrent service of more than one insured employer or self-insurer the total earnings from the several insured employers and self-insurers shall be combined in determining the employee's average weekly wages, but insurance liability shall be exclusively upon the employer in whose employ the injury occurred.

¶ 4.    The Department also has a rule explaining how to compute average weekly wages under 21 V.S.A. § 650(a)(4) when a worker is concurrently employed:

> Concurrent employment.    If an injured worker is regularly employed by two or more insured employers at the time of his or her injury (or, in claims in which the disability does not occur concurrently with the injury, at the time of his or her disability), a separate wage statement shall be obtained from each employer, and

---

[1] Department rulemaking defines the "date of injury" for the purpose of calculating average weekly wages as "the date(s) on which the injury becomes disabling." Workers' Compensation and Occupational Disease Rules, Rule 2.1520, Code of Vt. Rules 24 010 003, https://labor.vermont.gov/sites/labor/files/doc_library/Rule1-27-Adopted-11-1-16.pdf [https://perma.cc/MFL9-KGGF]. The parties here do not contest that October 8, 2021, is the relevant date for determining claimant's average weekly wages.

[2] The Legislature made minor edits to this statute, effective July 1, 2024. See 2023, No. 85 (Adj. Sess.), § 133. The changes include inserting subdivision numbering within § 650(a) and are otherwise not material. This opinion uses the updated statute for clarity.

the injured worker's compensation rate shall be based on the combined average weekly wage from all employers.

Workers' Compensation and Occupational Disease Rules, Rule 8.1500, Code of Vt. Rules 24 010 003 [hereinafter Rule 8.1500], https://labor.vermont.gov/sites/labor/files/doc_library/Rule1-27-Adopted-11-1-16.pdf [https://perma.cc/MFL9-KGGF].

¶ 5. Rule 8.1500 bars the inclusion of claimant's wages from Meeting House because he was not employed by Meeting House at the time of his disability. In a proceeding before the Commissioner, claimant contended that his wages from both Meeting House and Pub should be considered in calculating his average weekly wage. He argued that Rule 8.1500 exceeds the Department's statutory authority, 21 V.S.A. § 650(a), because it imposes an additional requirement—that the worker must be employed by multiple insured employers <u>at the time of injury or disability</u>—rather than be employed concurrently at any time in the twenty-six-week lookback period. The Commissioner concluded that Rule 8.1500 was a valid exercise of the Department's administrative rulemaking authority. He explained that 21 V.S.A. § 650(a)(4) and Rule 8.1500 together operated to "ensure that wage replacement benefits are only replacing wages that the employee likely would have earned but for a workplace injury and subsequent disability." He thus applied Rule 8.1500 and determined that only wages from Pub may be included in claimant's average weekly wage.

¶ 6. The Commissioner certified the following question for our review:

> Is Workers' Compensation Rule 8.1500's provision concerning concurrent employment a valid exercise of the Department's rulemaking authority in implementing and interpreting 21 V.S.A. § 650(a)?

This Court has jurisdiction to consider only the question of law certified to us by the Commissioner. 21 V.S.A. § 672; <u>Houle v. Ethan Allen, Inc.</u>, 2011 VT 62, ¶ 10, 190 Vt. 536, 24 A.3d 586 (mem.). "Where the Commissioner's conclusions are rationally derived from the findings and based on a correct interpretation of the law, we will affirm." <u>Cehic v. Mack Molding,</u>

3

Inc., 2006 VT 12, ¶ 6, 179 Vt. 602, 895 A.2d 167 (mem.) (quotation omitted). The question certified for our review here is a pure question of law, which we review de novo. Smith v. Desautels, 2008 VT 17, ¶ 8, 183 Vt. 255, 953 A.2d 620.

¶ 7. An administrative authority "may promulgate only those rules within the scope of its legislative grant of authority." In re Vt. Verde Antique Int'l, Inc., 174 Vt. 208, 211, 811 A.2d 181, 183 (2002). "To determine the scope of authority vested in an administrative agency by a statutory grant of power, we look to its enabling legislation." Id. We presume an administrative regulation is valid unless it compromises the intent of its authorizing statute. Martin v. Agency of Transp. Dep't of Motor Vehicles, 2003 VT 14, ¶ 15, 175 Vt. 80, 819 A.2d 742. The Legislature has entrusted the Department with the administration of the worker's compensation program, so we owe "substantial deference" to its interpretation and application of the WCA. Letourneau v. A.N. Deringer/Wausau Ins. Co., 2008 VT 106, ¶ 8, 184 Vt. 422, 966 A.2d 133. We will follow the Department's construction of the WCA "absent a compelling indication of error." Lydy v. Trustaff, Inc./Wausau Ins. Co., 2013 VT 44, ¶ 4, 194 Vt. 165, 76 A.3d 150 (quotation omitted); see also In re Agency of Admin., State Bldgs. Div., 141 Vt. 68, 74-75, 444 A.2d 1349, 1352 (1982) ("[C]onstruction of statutes by those charged with their execution will be followed unless there are compelling indications that the construction is wrong.").

¶ 8. The Commissioner has the authority to make rules consistent with the provisions of the WCA. 21 V.S.A. § 602(a). No party contests the process by which Rule 8.1500 was promulgated, so the only question for our review is whether the rule is consistent with the WCA.

¶ 9. We begin by looking to the text of the WCA. See Verde Antique, 174 Vt. at 211, 811 A.2d at 183. The WCA provides when an "injured employee is employed in the concurrent service of more than one insured employer or self-insurer[,] the total earnings from the several insured employers and self-insurers shall be combined in determining the employee's average weekly wages." 21 V.S.A. § 650(a)(4). "Concurrent" means "[o]perating at the same time."

4

Concurrent, Black's Law Dictionary (12th ed. 2024); see Pease v. Windsor Dev. Rev. Bd., 2011 VT 103, ¶ 17, 190 Vt. 639, 35 A.3d 1019 (mem.) ("Words not defined in statute are to be given their plain and ordinary meaning, which can be taken from a dictionary." (alteration and quotation omitted)). An injured employee who "is employed in the concurrent service" of multiple employers thus means an employee who (1) is injured, and (2) is employed at the same time by multiple employers. In § 650(a)(4), the verbal phrase "is employed" describes the action taken by the subject "injured employee." Thus, for the wages from multiple employers to be included in calculating a claimant's average weekly wages, the claimant must be employed by multiple employers when injured.

¶ 10. We must next look to the "context and structure of the statute as a whole," as the "words of a statute are not meant to be read in isolation." In re Windham Windsor Hous. Tr., 2024 VT 73, ¶ 5, __ Vt. __, __ A.3d __ (quotation omitted). Section 650(a) includes seven subdivisions. Subdivisions (a)(2), (a)(3), (a)(4), and (a)(7) each explain how the Department should proceed under certain conditions. Three of those subdivisions include reference to the twenty-six-week lookback period: subdivision (a)(2) governs when a claimant is a newer hire and has been employed for a period shorter than the lookback period; subdivision (a)(3) governs when a claimant has been sick and absent from employment or suspended in the lookback period; and subdivision (a)(7) governs when a claimant has received a raise in the lookback period. The only conditional subdivision without a reference to the lookback period is (a)(4), governing concurrent employment.

¶ 11. When the Legislature "includes a particular provision in one section and excludes it from another," it is reasonable to assume the omission was intentional. Rhoades Salvage/ABC Metals v. Town of Milton Selectboard, 2010 VT 82, ¶ 10 n.2, 188 Vt. 629, 9 A.3d 685 (mem.). We "presume that all language in a statute was drafted advisedly, and that the plain ordinary meaning of the language used was intended." Soares v. Barnet Fire Dist. #2, 2022 VT 34, ¶ 18,

5

217 Vt. 49, 282 A.3d 1184 (quotation omitted). A plain and ordinary reading of 21 V.S.A. § 650(a)(4) indicates that wages from concurrent employment are included in a claimant's average weekly wages only if the claimant had concurrent employment at the time of the injury.

¶ 12. Rule 8.1500 uses the phrase "at the time of . . . injury," and § 650(a)(4) does not include those words. But the addition of this language does not narrow the scope of § 650(a)(4); Rule 8.1500 merely offers more clarity to claimants regarding what a plain reading of § 650(a)(4) already provides. Rule 8.1500 is supported by both the specific statutory provision governing concurrent employment and the overall construction of § 650(a). Accordingly, the rule falls within the scope of the Department's "legislative grant of authority." Verde Antique, 174 Vt. at 211, 811 A.2d at 183.

¶ 13. Claimant points us to 21 V.S.A. § 650(a)(1) to argue that he is entitled to his average earnings "during" the twenty-six-week lookback period, including from concurrent employers. See 21 V.S.A. § 650(a)(1) ("Average weekly wages shall be computed . . . to give the average weekly earnings of the worker during the 26 weeks preceding an injury." (emphasis added)). He contends that the Legislature's use of the word "during" demonstrates intent to include average wages across time, not just wages from employers who employed a claimant at the moment of injury. This argument fails to show a "compelling indication of error" in the Department's construction of the WCA. See Lydy, 2013 VT 44, ¶ 4 (quotation omitted). Without compelling evidence of error, we defer to the Department's interpretation and application of the WCA in Rule 8.1500. Id.; Letourneau, 2008 VT 106, ¶ 8.

¶ 14. Claimant urges us to reject the Department's rule because, he contends, the remedial nature of the WCA requires that we liberally interpret the statute "to provide injured employees with benefits unless the law is clear to the contrary." Cyr v. McDermott's, Inc., 2010 VT 19, ¶ 18, 187 Vt. 392, 996 A.2d 709 (quotation omitted). At oral argument, counsel for claimant explained that "if [§ 650(a)(4)] can be read both ways, the liberal interpretation would

6

favor expanded coverage rather than narrowed coverage." He argues that the Department's interpretation of § 650(a)(4) is not the most liberal reading of the statute and thus the rule is invalid.

¶ 15. This argument fails for two reasons. First, "a liberal construction does not mean an unreasonable or unwarranted construction." Herbert v. Layman, 125 Vt. 481, 486, 218 A.2d 706, 710 (1966), overruled on other grounds by Whitney v. Fisher, 138 Vt. 468, 417 A.2d 934 (1980). As described above, the plain language of § 650(a)(4) requires the Department to include wages from concurrent employers only if the claimant had concurrent employment at the time of injury.

¶ 16. Second, claimant's argument ignores the necessity of deference to administrative agencies. "We defer to agency interpretations of statutes that the Legislature has entrusted them to administer as much out of a concern for the proper separation of powers as in consideration of agency expertise." In re Albert, 2008 VT 30, ¶ 6, 183 Vt. 637, 954 A.2d 1281 (mem.). Even if we were to assume, arguendo, that § 650(a)(4) could be read to include concurrent wages earned during the lookback period, we would still find Rule 8.1500 valid unless the rule compromises the intent of its authorizing statute, Martin, 2003 VT 14, ¶ 15, or unless "there are compelling indications that the [rule's application of the statute] is wrong." Agency of Admin., 141 Vt. at 74-75, 444 A.2d at 1352. Claimant has not shown that the WCA clearly intends to provide benefits in situations like his. Both this Court and the Department have characterized the intent of WCA benefits as to replace the wages that an injured worker would be earning had the injury not occurred. See, e.g., Wood v. Fletcher Allen Health Care, 169 Vt. 419, 423, 739 A.2d 1201, 1205 (1999); Gallo v. Costco Wholesale Corp., No. 19-20WC, slip op. at 11 (Nov. 22, 2020), https://outside.vermont.gov/dept/Labor/WorkersComp/2020/19-20WC%20McKenzie%20Gallo%20v.%20Costco%20(November%2022,%202020).pdf [https://perma.cc/W2QW-RDER]. Because claimant left his employment with Meeting House before he became disabled, he had no wages from Meeting House to replace upon disability. Accordingly, even if § 650(a)(4) could be read as claimant urges, we would defer to the Department's construction because the rule does not

7

interfere with the intent of the WCA and there are no other compelling indications of error. See Agency of Admin., 141 Vt. at 74-75, 444 A.2d at 1352; Lydy, 2013 VT 44, ¶ 18; Martin, 2003 VT 14, ¶ 15.

¶ 17.   Because Rule 8.1500 is within the scope of 21 V.S.A. § 650(a)(4), the rule does not exceed the Department's "legislative grant of authority." Verde Antique, 174 Vt. at 210-11, 811 A.2d at 183.  We thus conclude that Rule 8.1500 is a valid exercise of the Department's rulemaking authority in implementing and interpreting 21 V.S.A. § 650(a).

Affirmed.

FOR THE COURT:

_____

Associate Justice

8